1  DAWN T. COLLINS CA Bar No. 193447
   dawn.collins@ogletreedeakins.com
2  BETH A. GUNN CA Bar No. 218889
   beth.gunn@ogletreedeakins.com
3  JENNIFER L. KATZ CA Bar No. 258917
   jennifer.katz@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
6  Telephone:  213.239.9800
   Facsimile:   213.239.9045
7
8  Attorneys for Defendants
   INSOMNIAC, INC.; INSOMNIAC ENTERTAINMENT,
   INC.; and LIVE NATION WORLDWIDE, INC.
9



FILED
CLERK, U.S. DISTRICT COURT

APR 1 0 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12  ELIZABETH VALLADARES,          Case No. EDCV14-00706-VAP(DTBx)
    individually and on behalf of all others
13  similarly situated,

14                Plaintiffs,       **DEFENDANTS' NOTICE OF
                                    REMOVAL OF CIVIL ACTION TO
15        v.                        FEDERAL COURT PURSUANT TO 28
                                    U.S.C. §§ 1331, 1367(a), 1441, AND 1446**
16  INSOMNIAC, INC., a California
    corporation, INSOMNIAC          *[San Bernardino Superior Court Case No.
17  ENTERTAINMENT, INC., a Delaware  CIVDS1402710]*
    corporation, LIVE NATION
18  WORLDWIDE, INC., a Delaware
    corporation, and DOES 1-100,    Complaint Filed: March 7, 2014
19  inclusive,                      Trial Date:         None Set

20                Defendants.

21

22



23

24

25

26

27

28

                                              Case No.
―――――――――――――――――――――――――――――――――――――――――――――――――――――――
       DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; AND TO PLAINTIFF ELIZABETH VALLADARES AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, defendants Insomniac, Inc.; Insomniac Entertainment, Inc.; and Live Nation Worldwide, Inc. (collectively, "Defendants"), by and through undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California on the following grounds:

**I.     FACTUAL AND PROCEDURAL HISTORY**

1.     On or about March 7, 2014, plaintiff Elizabeth Valladares ("Plaintiff") commenced this action against Defendants by filing an unverified Complaint in the Superior Court of the State of California for the County of San Bernardino, entitled *ELIZABETH VALLADARES, individually and on behalf of all others similarly situated, Plaintiffs, v. INSOMNIAC, INC., a California corporation, INSOMNIAC ENTERTAINMENT, INC., a Delaware corporation, LIVE NATION WORLDWIDE, INC., a Delaware corporation, and DOES 1–100, inclusive, Defendants,* and assigned Case No. CIVDS1402710 (the "Complaint").

2.     The Complaint asserts the following claims for relief against Defendants: (1) Failure to pay minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"); (2) Failure to pay overtime and double time wages in violation of the FLSA; (3) Failure to keep accurate records of hours worked in violation of the FLSA; (4) Common count for the reasonable value of services rendered; (5) Failure to pay minimum wages and liquidated damages, in violation of various provisions of the California Labor Code and Industrial Welfare Commission Wage Order No. 7 (hereinafter, "Wage Order 7"); (6) Failure to pay overtime and double time wages, in violation of various provisions of the California Labor Code and Wage Order 7; (7) Failure to provide rest breaks, in

1    violation of various provisions of the California Labor Code and Wage Order 7; (8)

2    Failure to provide meal periods, in violation of various provisions of the California

3    Labor Code and Wage Order 7; (9) Failure to provide accurate wage statements, in

4    violation of various provisions of the California Labor Code; (10) Failure to pay all

5    wages owed upon termination, in violation of various provisions of the California

6    Labor Code; (11) Unlawful competition, in violation of California Business and

7    Professions Code §§ 17200, *et seq.*; and (12) False advertising, in violation of

8    California Business and Professions Code § 17500.

9        3.    Defendants Insomniac, Inc. and Insomniac Entertainment, Inc. were

10   served with the Summons and Complaint in this action on March 11, 2014, when its

11   registered agent for service of process was personally served with copies of such

12   documents.  (*See* Declaration of Kimberly Tobias in Support of Defendants' Notice

13   of Removal ("Tobias Decl."), ¶¶3–4.)  True and correct copies of the Summons,

14   Complaint, and all other documents served on defendants Insomniac, Inc. and

15   Insomniac Entertainment, Inc. are attached to this Notice of Removal as **Exhibit A**

16   and **Exhibit B**, respectively.  (*See id.*, ¶4.)

17       4.    Defendant Live Nation Worldwide, Inc. was served with the Summons

18   and Complaint in this action on March 13, 2014, when its registered agent for service

19   of process was personally served with copies of such documents.  (*See* Tobias Decl.,

20   ¶¶5–6.)  True and correct copies of the Summons, Complaint, and all other

21   documents served on defendant Live Nation Worldwide, Inc. are attached to this

22   Notice of Removal as **Exhibit C**.  (*See id.*, ¶6.)

23       5.    On April 10, 2014, Defendants timely served and filed their Answer to

24   Plaintiff's Complaint in the Superior Court for the County of San Bernardino.  A true

25   and correct conformed copy of Defendants' Answer to Plaintiff's Complaint is

26   attached to this Notice of Removal as **Exhibit D**.

27   **II.   REMOVAL IS TIMELY**

28       6.    A defendant in a civil action has thirty (30) days from the date it is

1  validly served with a summons and complaint to remove the action to federal court.

2  *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding

3  shall be filed within 30 days after the receipt by the defendant, through service or

4  otherwise, of a copy of the initial pleading setting forth the claim for relief upon

5  which such action or proceeding is based[.]").

6          7.      Here, removal is timely as to all Defendants.  (*See* Tobias Decl., ¶¶4,6.)

7  Defendants are filing this Notice of Removal within 30 days after defendants

8  Insomniac, Inc. and Insomniac Entertainment, Inc. were served with Plaintiff's

9  Summons and Complaint, as well as within 30 days after defendant Live Nation

10  Worldwide, Inc. was served with Plaintiff's Summons and Complaint.  *See* 28

11  U.S.C. § 1446(b)(1).

12         8.      Defendants Insomniac, Inc.; Insomniac Entertainment, Inc.; and Live

13  Nation Worldwide, Inc. comprise all defendants who have been properly joined and

14  served in this action as of the time Defendants are filing this Notice of Removal.  All

15  Defendants join in and consent to the timely removal of the action to this Court.  *See*

16  28 U.S.C. § 1446(b)(2)(A)-(2)(B).

## III.   THIS ACTION IS PROPERLY REMOVABLE ON THE BASIS OF FEDERAL-QUESTION JURISDICTION.

19         9.      This action is one over which this Court has original jurisdiction under

20  28 U.S.C. § 1331, and is one that may be removed by Defendants pursuant to 28

21  U.S.C. §§ 1441 and 1446, in that it arises under the laws of the United States.

22         10.     In the Complaint, Plaintiff asserts claims against Defendants under the

23  Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA").  Through her first,

24  second, and third causes of action, respectively – each of which Plaintiff asserts on

25  behalf of herself and all other putative members of the purported collective action

26  alleged in the Complaint – Plaintiff asserts that Defendants violated various

27  provisions of the FLSA by (a) failing to pay the applicable minimum wage for all

28  hours worked (29 U.S.C. § 206); (b) failing to pay overtime wages owed pursuant to

1    the FLSA (29 U.S.C. § 207); and (c) failing to keep accurate records of hours

2    worked (29 U.S.C. § 211(c)).

3         11.    In asserting claims against Defendants for violations of various

4    provisions of the FLSA, the Complaint itself presents questions of federal law. *See*

5    *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694-95, 700, 123 S.Ct.

6    1882, 1884, 1887, 155 L.Ed.2d 923 (2003) (holding that actions asserting FLSA

7    claims may be properly removed to federal court under 28 U.S.C. § 1441(a)); *see*

8    *also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) (identifying

9    the FLSA as one of the federal statutes providing that "claims arising thereunder may

10   be maintained in any state or federal court of competent jurisdiction" and

11   "contain[ing] no limitation on removal, express or otherwise, to bar removal").

12   Plaintiff's FLSA claims are therefore removable to this Court based on federal-

13   question jurisdiction. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S.

14   386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The presence or absence of

15   federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

16   provides that federal jurisdiction exists only when a federal question is presented on

17   the face of the plaintiff's properly pleaded complaint.").

18        12.    In the Complaint, Plaintiff also asserts various claims against

19   Defendants under California law, all of which are based on the same alleged facts,

20   and the same alleged actions and omissions by Defendants, that underlie Plaintiff's

21   FLSA claims over which the Court has original jurisdiction, as discussed above, and

22   are part of the same case or controversy.  Therefore, pursuant to 28 U.S.C. § 1367(a),

23   this Court has supplemental jurisdiction over the state law claims alleged in

24   Plaintiff's Complaint, which are so related to the claims over which this Court has

25   original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or

26   controversy under Article III of the United States Constitution . *See* 28 U.S.C. §

27   1367(a).  Plaintiff's state law claims are thus likewise removable to this Court based

28   on federal-question jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S.

715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) ("[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.").

## IV.   DEFENDANTS HAVE SATISFIED THE REMAINING REMOVAL REQUIREMENTS.

13.   As required by 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is filed in the district court of the United States in which the action is pending.  The state court action was pending in the Superior Court for the County of San Bernardino, which is located within the boundaries of the Central District of California.  Thus, venue is proper in this Court.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

14.   As required by 28 U.S.C. § 1446(a), Defendants hereby provide this Court with copies of all process, pleadings, and orders served on Defendants in this action.  (*See* Exs.A–C; Tobias Decl., ¶¶2–6.)  Defendants have not been served with any pleadings, process, or orders besides those attached.  (*See* Tobias Decl., ¶¶4,6.)

15.   In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of San Bernardino.

16.   Further, in accordance with Federal Rule of Civil Procedure 7.1 and Central District of California Local Rule 7.1-1, respectively, Defendants concurrently file their Disclosure Statement and Notice of Interested Parties, and, in accordance with Local Rules 83-1.3.1 and 83-1.4.1, Defendants concurrently file their Notice of Related Case(s) and Notice of Pendency of Other Actions or Proceedings.

17.   Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show

1  Cause so that Defendants may have an opportunity to more fully brief the basis for

2  this removal and address the Court's question.

3

4  DATED: April 10, 2014          OGLETREE, DEAKINS, NASH, SMOAK &
                                  STEWART, P.C.
5

6

7                                By: _____

8                                    Dawn T. Collins
                                     Beth A. Gunn
9                                    Jennifer L. Katz

10                               Attorneys for Defendants
                                 INSOMNIAC, INC.; INSOMNIAC
11                               ENTERTAINMENT, INC.; and LIVE
                                 NATION WORLDWIDE, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INSOMNIAC, INC., INSOMNIAC ENTERTAINMENT, INC., LIVE
NATION WORLDWIDE, INC., and DOES 1-100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIZABETH VALLADARES, individually and on behalf of all others
similarly situated.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOME, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Bernardino District - Civil Division<br><br>303 W. Third St.<br>San Bernardino, CA 92415-0210 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVDS1402710 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Louis M. Marlin, (SBN 054053) - 3200 EL Camino Real, Ste 100, Irvine, California 92602; 714-669-4900

| DATE: ; <br>*(Fecha)*  MAR 0 7 2014 | Clerk, by<br>*(Secretaria)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* Insomniac, Inc
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**Exhibit A, Page 7**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
— Louis M. Marlin, Esq. [SBN 054053] Hanna B. Raanan, Esq. [SBN 261014]
MARLIN & SALTZMAN, LLP
3200 El Camino Real, Suite 100
Irvine, CA 92602

TELEPHONE NO.: 714-669-4900    FAX NO.: 714-669-4750
ATTORNEY FOR *(Name):* Plaintiff, Elizabeth Valladares

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 303 W. Third Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME:

CASE NAME:
ELIZABETH VALLADARES v. INSOMNIAC, INC.

*FOR COURT USE ONLY*

[COPY]

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOMB, DEPUTY

CASE NUMBER: CIVDS1402710

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | JUDGE: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2014
Hanna B. Raanan
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit A, Page 8**


**COPY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ELIZABETH VALLADARES

Case No.     CIVDS1402710

vs.

**CERTIFICATE OF ASSIGNMENT**

INSOMNIAC, INC., et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **San Bernardino** District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [X] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other  Labor Code | Conduct giving rise to action took place in San Bernardino |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Nocturnal Wonderland / Insomniac Event          2575 Glen Helen Parkway

<u>(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)</u>          <u>ADDRESS</u>

San Bernardino                CA                    92407

<u>(CITY)</u>                       <u>(STATE)</u>              <u>(ZIP CODE)</u>

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

March 7, 2014                    at   Irvine                                    , California

_____
Signature of Attorney/Party

13-16503-360 Rev. 10/94                                                    SB-16503

**Exhibit A, Page 9**

ⒸCOPY

**MARLIN & SALTZMAN, LLP**
Louis M. Marlin, Esq. (SBN 054053)
Stephen P. O'Dell, Esq. (SBN 132279)
Hanna B. Raanan, Esq. (SBN 261014)
Adrian R. Bacon, Esq. (SBN 280223)
3200 EL Camino Real, Suite 100
Irvine, California 92602
(714) 669-4900 Fax: (714) 669-4750

**THE HAMIDEH FIRM, PC**
Bassil A. Hamideh (SBN: 261233)
1801 Century Park East, Suite. 2400
Los Angeles, CA 90067
(310) 556-9687; Fax: (310) 733-5699

Attorneys for Plaintiff Elizabeth Valladares

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOMB, DEPUTY

TRIAL SETTING CONFERENCE

Hearing Date 9/5/14
at 8:30 Dept 534

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

ELIZABETH VALLADARES, individually and on behalf of all others similarly situated,

            Plaintiffs,

vs.

INSOMNIAC, INC., a California corporation, INSOMNIAC ENTERTAINMENT, INC., a Delaware corporation, LIVE NATION WORLDWIDE, INC., a Delaware corporation, and DOES 1-100, inclusive,

            Defendants,

Case No.    CIVDS1402710

### CLASS ACTION

COMPLAINT FOR:

1. VIOLATION OF FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 ET SEQ. –MINIMUM WAGES

2. VIOLATION OF FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 ET SEQ. - OVERTIME

3. VIOLATION OF FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 ET SEQ. – FAILURE TO KEEP ACCURATE RECORDS

4. COMMON COUNT FOR THE REASONABLE VALUE OF SERVICES RENDERED

5. FAILURE TO PAY MINIMUM WAGES AND LIQUIDATED DAMAGES (Labor Code §§ 1194, 1197 And Wage Order 7);

6. FAILURE TO PAY OVERTIME (Labor Code §§ 510, 1194, 1198 And Wage Order 7)

1

CLASS ACTION COMPLAINT

Exhibit A, Page 10

| | | |
|---|---|---|
| 1 | 7. | FAILURE TO PROVIDE REST BREAKS (Labor Code §§ 226.7 And Wage Order 7) |
| 2 | | |
| 3 | 8. | FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, And Wage Order 7) |
| 4 | | |
| 5 | 9. | FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Labor Code §§ 226); |
| 6 | | |
| 7 | 10. | FAILURE TO PAY ALL WAGES OWED UPON TERMINATION (Labor Code §§ 201-203); |
| 8 | | |
| 9 | 11. | VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17200. |
| 10 | 12. | VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17500. |
| 11 | | |
| 12 | **13.** | COMMON LAW FRAUD AND DECEIT |
| 13 | | |
| 14 | | **DEMAND FOR JURY TRIAL** |

15    Plaintiff Elizabeth Valladares ("Plaintiff") hereby submits her Class Action Complaint

16  against Defendants Insomniac, Inc., Insomniac Entertainment, Inc. (together with Insomniac,

17  Inc., "Insomniac"), and Live Nation Worldwide, Inc. ("Live Nation") and DOES 1-100

18  (hereinafter collectively referred to as "Defendants") on behalf of herself and all other similarly

19  situated individuals employed by Defendants as current or former unpaid volunteers ("Volunteer

20  Employees") for (1) violations of the California Labor Code, including failure to pay minimum

21  wages and liquidated damages, failure to pay overtime, failure to provide legally compliant rest

22  breaks, failure to provide legally compliant meal periods, failure to provide accurate wage

23  statements, failure to pay all wages owed upon termination; (2) violations of the Fair Labor

24  Standards Act ("FLSA"), including failure to pay minimum wages, failure to keep accurate

25  records; (3) failure to pay for goods and services rendered; and (4) restitution and injunctive

26  relief as follows:

27  ///

28  ///

# I.

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1198, Industrial Welfare Commission ("IWC") Wage Order 7 and California <u>Business and Professions Code</u> §17200, et seq. (Unfair Practices Act). This class action also alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as well as California common law violations.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u> and <u>Business and Professions Code</u> whereby Defendants purport to solicit volunteers to work at their events under the false pretense that volunteers will get to enjoy the event in exchange for their services. In reality, Volunteer Employees are required to work for the duration of the event, and are never able to enjoy the event. Furthermore, Defendants require Volunteer Employees to pay a deposit fee for their unpaid services, which amount is charged to the Volunteer Employee if Defendants determine, in their sole discretion, that the Volunteer Employee has not performed to their satisfaction. As a result, Volunteer Employees do not receive any compensation for their "employment" and in some cases are forced to pay Defendants in order to work for them.

3. Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard of the rights of all Volunteer Employees to receive all regular wages due for services rendered, to receive legally compliant meal and rest breaks, to receive all wages due for meal and rest period violations, to timely receive all final wages due upon termination of employment, and in connection with Defendants' failure to maintain all proper payroll records of Plaintiff and class members.

4. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u>, applicable IWC wage orders and the FLSA, by creating and

Exhibit A, Page 12

1    maintaining policies, practices and customs that knowingly deny Volunteer Employees the above

2    stated rights and benefits.

3                                                      **II.**

4                                    **JURISDICTION AND VENUE**

5            5.       This Court has jurisdiction over this matter pursuant to the provisions of the

6    California *Labor Code* and regulations, as well as *Business & Professions Code* § 17200.  Venue

7    is proper in San Bernardino County because the conduct alleged herein which gives rise to the

8    claims asserted occurred within San Bernardino County.   Specifically, Plaintiff worked for

9    defendants within San Bernardino County, and the wages herein claimed were earned by her in

10   San Bernardino County.  Additionally, the products and services exchanged for Plaintiff's labor

11   were issued and consumed in San Bernardino County.

12                                                     **III.**

13                                          **THE PARTIES**

14           6.       Plaintiff ELIZABETH VALLADARES is an individual residing in Los Angeles,

15   California.

16           7.       With respect to the FLSA claims, Plaintiff has consented to join this action by

17   concurrently filing a written Consent to Join form, attached hereto as Exhibit A.

18           8.       Plaintiff brings this action on behalf of herself and all others similarly situated as

19   a class action, pursuant to California Code of Civil Procedure § 382.   The class which Plaintiff

20   seeks to represent is composed of and defined as follows:

21           Volunteer Class:

22                    All persons who worked as an unpaid volunteer at any event, show, or other

23                    promotional gathering conducted by DEFENDANTS, in the United States, at any

24                    time during the Class Period.

25           California Class:

26                    All members of the Volunteer Class who worked as an unpaid volunteer at an

27                    event, show, or other promotional gathering conducted by DEFENDANTS in the

28                    State of California, at any time during the Class Period.

4

CLASS ACTION COMPLAINT

Terminated Subclass:

All members of the California Class whose employment ended during the Class Period.

Excluded from the Volunteer Class, California Class and Terminated Subclass are individuals who acted as, for the period during which they acted as, Defendants' leads, supervisors, managers, shift leaders, crew leaders, street team leaders, regional leaders or any other employees in a managerial or supervisory position involved in enforcing or effectuating the unlawful conduct alleged herein.

The Class Period is the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

9.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, INSOMNIAC, INC. ("Insomniac") was and/or is a California corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California and throughout the United States.

10.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant INSOMNIAC ENTERTAINMENT, INC. ("Insomniac Entertainment"), was and/or is a Delaware corporation, organized and existing pursuant to the laws of the state of Delaware, which conducted and/or conducts its business in the State of California and throughout the United States.

11.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant LIVE NATION WORLDWIDE, INC. ("Live Nation"), was and/or is a Delaware corporation, organized and existing pursuant to the laws of the state of Delaware, which conducted and/or conducts its business in the State of California and throughout the United States.

12.    Defendants are collectively the world's global event leaders and owners of one of the world's top five e-commerce sites with over 27 million monthly unique visitors.

13.    Plaintiff alleges, based on information and belief, that the Defendants are part of a joint enterprise, and as a matter of law, a single employer and actor for purposes of this lawsuit.

5

CLASS ACTION COMPLAINT

14.     Plaintiff further alleges based on information and belief that the Defendants are agents of one another, and act as part of an overall single business enterprise, under centralized control.  Plaintiff further alleges that each Defendant acted as a joint employer of the proposed class members.

15.     Plaintiff does not know the true names or capacities, whether individual, partnership, corporate or otherwise, of the defendants sued herein as DOE defendants, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of the said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the putative class to be subject to the illegal employment practices, wrongs, breaches, and injuries complained of herein.

16.     At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes, and based thereon alleges, that at all times pertinent hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent the said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.     At all times pertinent hereto, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.     At all times pertinent hereto, the acts and omissions of various Defendants, and

1   each of them, concurred with and contributed to the various acts and omissions of each and all of

2   the other Defendants in proximately causing the injuries and damaged as herein alleged.  At all

3   pertinent times, Defendants, and each of them, ratified each and every act or omission

4   complained of herein.  At all pertinent times, the Defendants, and each of them, aided and

5   abetted the acts and omissions of each and all of the other Defendants in proximately causing the

6   damages as herein alleged.

7                                                              IV.

8                                            **FACTUAL ALLEGATIONS**

9           36.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding

10   paragraphs.

11          37.     Defendants Insomniac, Inc. and Insomniac Entertainment (together "Insomniac")

12   is an American tour promoter focusing primarily on electronic music events. It organizes a

13   number of major dance music festivals, including its flagship Electric Daisy Carnival, along with

14   other events such as Beyond Wonderland, Nocturnal Wonderland, and also jointly organized

15   with Defendant Live Nation the Together as One festival.  Insomniac is a for-profit company.

16          38.     Defendant Live Nation Worldwide, Inc. ("Live Nation") is the world's leading

17   live entertainment company, which produces over 22,000 shows annually for more than 2,300

18   artists globally.  Live Nation is a for-profit company.

19          39.     Live Nation owns a 50% stake in Insomniac.  Despite Defendants' shows and

20   events being lucrative, for profit commercial operations, Defendants staff their events largely by

21   use of "volunteers", and do not pay them any wages.

22          40.     Through websites, social media, and other means of advertising, Defendants

23   recruited thousands of "volunteers" (hereinafter "Volunteer Employees") to work at their

24   events.[1]  Instead of paying Volunteer Employees for their work, Defendants, provided volunteers

25   only with free admission to the event a volunteer employee would work.  However, the value of

26

27   _____

28   [1] For instance, Live Nation solicits volunteers on its website:
     http://www.livenation.com/artists/70132/volunteer.

                                    CLASS ACTION COMPLAINT

1   this "free admission" was highly overstated and essentially worthless, as volunteers spend the

2   majority of their time performing duties under the direction and control of Defendants.

3       41.    On September 21, 2013, Plaintiff was employed as a Volunteer Employee by

4   INSOMNIAC at Nocturnal Wonderland in San Bernardino, California.

5       42.   Prior to her employment, Plaintiff was required to give DEFENDANTS her credit

6   card information, presumably to ensure that she checked-in for work.  Plaintiff was further told

7   that if, at the discretion of DEFENDANTS, it was determined that she had not worked the full

8   time she was scheduled, DEFENDANTS would charge her credit card the full amount of a ticket

9   to Nocturnal Wonderland.

10       43.    Plaintiff was then required to work for 14+ hours on the day she was scheduled,

11   with no rest breaks and only one meal break.

12       44.    DEFENDANTS did not pay Plaintiff for any of the time worked, including wages

13   for work performed, overtime pay, and including time spent in work-related travel.

14   DEFENDANTS did not pay Plaintiff any meal or rest period wages when owed, and did not

15   provide meal or rest periods as required by Labor Code section 226.7.

16       45.    DEFENDANTS' failure to pay Plaintiff for all time worked, including wages for

17   work performed, failure to pay for any meal or rest period wages when owed, and failure to

18   provide meal or rest periods is a violation of the Fair Labor Standards Act ("FLSA") 201, et seq.

19       46.    DEFENDANTS did not keep accurate records of Plaintiff's work, hours and

20   wages earned.   Plaintiff was and is a victim of the policies practices and customs of

21   DEFENDANTS complained of in this action in ways that have deprived her of the rights

22   guaranteed her by the California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1198,

23   Industrial Welfare Commission ("IWC") Wage Order 7, California Business and Professions

24   Code §17200, et seq. (Unfair Practices Act), and the Fair Labor Standards Act (FLSA) §§ 201, et

25   seq.

26       47.    Through this action, Plaintiff seeks to (1) force Defendants to stop soliciting and

27   accepting work from Volunteer Employees, (2) recover unpaid wages for all Volunteer

28   Employees who performed work for Insomniac during the relevant period, and (3) recover other

8
CLASS ACTION COMPLAINT

1 damages based on Defendants' willful misrepresentations and deceit of Unpaid Volunteers and
2 violations of applicable labor laws.

3      48.   Defendants' failure to pay its volunteers any wages violates federal and state
4 minimum wage laws, which require employers to pay at least the minimum wage for all work
5 that they suffer or permit, and which exist to eliminate labor conditions detrimental to the
6 maintenance of the minimum standard of living necessary for health, efficiency, and general
7 well-being of workers.

8      49.   By failing to pay Plaintiff and thousands of others for their productive work,
9 Defendants denied federal, state, and local governments significant tax revenue and denied the
10 Volunteer Employees important benefits of working, including workers' compensation insurance,
11 social security contributions, and, most importantly, the ability to earn a fair day's wage for a fair
12 day's work.

13      50.   Defendants could have and should have paid its Volunteer Employees, but chose
14 instead to classify these individuals as non-employee volunteers, leveraging their eagerness to
15 attend these events against their willingness to work for free.

16      51.   Prior to events, Defendants invite prospective volunteers to submit an application
17 and resume, so that they can decide whether an individual will be "approved" as a volunteer.
18 Defendants then provide each individual with a set of common event guidelines that must be
19 followed as a volunteer.  In addition to filling out an application, volunteers must also pay a
20 "refundable volunteer deposit" to solidify their position as a volunteer.  If the volunteer is
21 deemed not to have completed their "duties" or to have behaved inappropriately during the
22 volunteer hours, Defendants do not return the deposit.

23      52.   Plaintiff brings this Class Action against Defendants, and each of them, pursuant
24 to Code of Civil Procedure §382, on behalf of herself and for the benefit of all other persons
25 employed directly and/or indirectly by Defendants as a "volunteer," who were not paid wages
26 pursuant to California and Federal law prior and subsequent to the date this action was filed.

27      53.   Based on information and belief, for at least four years prior to the filing of this
28 action and through to the present, Defendants jointly employed Plaintiff and the putative class

CLASS ACTION COMPLAINT

1    members throughout California and the United States, and maintained and enforced against

2    Plaintiff and the putative class members the systemic policies, practices, and/or customs

3    complained of herein.   Plaintiff seeks relief on behalf of herself, and the members of the

4    Volunteer Class, as a result of systemic employment policies, practices and procedures, more

5    specifically described below, which violate the FLSA, and which have resulted in the failure of

6    Defendants to pay Plaintiff and members of the Volunteer Class all wages owed to them.  Said

7    employment policies, practices and procedures are generally described as follows:

8         a.     Defendants misclassified Plaintiff and class members as volunteers, and in doing

9               so, failed to properly pay them any wages for time spent working, including at least the

10              federal and state-mandated minimum wages for all hours worked, which include but are

11              not limited to, time spent traveling between locations, attending training and/or base

12              camp, performing duties at the events under the supervision, direction and control of

13              Defendants, and other time for which Plaintiff and class members were subject to their

14              employers' direction and control;

15        b.     Defendants failed to pay all wages due and owing to "Volunteers," including

16              Plaintiff and the class members, in violation of the Fair Labor Standards Act, 29 U.S,C.

17              §§ 201 et seq, ("*FLSA*");

18        54.    Plaintiff also seeks relief on behalf of herself and the members of the California

19    Class, as a result of systemic employment policies, practices and procedure, more specifically

20    describer below, which violate the FLSA, the California *Labor Code*, and the orders and

21    standards promulgated by the California Department of Industrial Relations, Industrial Welfare

22    Commission, and Division of Labor Standards Enforcement, and which have resulted in the

23    failure of Defendants to pay Plaintiff and members of the California Class all wages owed to

24    them.  Said employment policies, practices and procedures are generally described as follows:

25        a.     Defendants misclassified Plaintiff and class members as volunteers, and in doing

26              so, failed to properly pay them any wages for time spent working, including at least the

27              federal and state-mandated minimum wages for all hours worked, which include but are

28              not limited to, time spent traveling between locations, attending training and/or base

10

CLASS ACTION COMPLAINT

**Exhibit A, Page 19**

camp, performing duties at the events under the supervision, direction and control of Defendants, and other time for which Plaintiff and class members were subject to their employers' direction and control;

b.     Defendants failed to pay all wages due and owing to "Volunteers," including Plaintiff and the class members, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq, ("*FLSA*"), California Labor Code ("*Labor Code*") and Industrial Welfare Commission Wage Order 7 ("*Wage Order*");

c.     Defendants required, suffered, employed, and/or permitted Plaintiff and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

d.     Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed class for  such failure to provide proper rest periods, as required by *Labor Code* § 226.7 and Wage Order 7;

e.     Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for  such failure to provide proper meal periods, as required by *Labor Code* §§ 226.7 and 512 and Wage Order 7;

f.     Defendants failed to issue accurate itemized wage statements to their volunteer employees, including Plaintiff and the class members, in violation of, *inter alia*, *Labor Code* §226 and Wage Order 7;

g.     Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of *Labor Code* §§ 201-203; and,

h.     Violating *Business and Professions Code* §§ 17200 et seq. as further set forth below.

55.     Plaintiff also alleges that Defendants, and each of them, are for-profit entities and had the clear ability to pay such wages as are/were due and owing to Plaintiff and members of

11

CLASS ACTION COMPLAINT

1   the Volunteer Class, but intentionally did not pay such wages, in conscious disregard of the

2   rights of Plaintiff and the members of the Volunteer Class to timely payment of their wages.

3        56.     Further, Defendants engaged in a systematic scheme to misrepresent the nature of

4   the relationship it held over members of the Volunteer Class as one of Organization-Volunteer,

5   rather than Employer-Employee, thus deceiving and defrauding members of the Volunteer Class

6   into believing that they were not entitled to the benefits and protections of the FLSA and/or the

7   California Labor Code.

8        57.     Defendants further deceived members of the Volunteer Class, through their

9   actions and advertisements, by misrepresenting the value of admission to the events, such that

10   Plaintiff and members of the Volunteer Class reasonably believed such compensation would

11   have value commensurate with the value of the services rendered to Defendants.  Defendants

12   willfully withheld the critical caveat that Plaintiff and other members of the Volunteer Class

13   would in fact not be provided with sufficient time off during their shift to enjoy the event.

14        58.     This action seeks relief for the un-remediated violations of Federal and California

15   law including, *inter alia*:

16        a.     Damages and/or restitution, as appropriate, to Plaintiff and to the Volunteer Class,

17        for non-payment of the wages due them and interest thereon;

18        b.     Damages and/or restitution, as appropriate, to Plaintiff and to the California Class,

19        for non-payment of wages (including overtime wages), and meal and rest period wages;

20        c.     Damages and/or penalties for Plaintiff and the California Class, who were not

21        issued accurate itemized wage statements in conformity with California law.

22        d.     Damages and/or penalties for Plaintiff and California Class Members for

23        Defendants' failure to pay all wages due and owing upon completion of their

24        employment in conformity with California law;

25        e.     Implementation of other equitable and injunctive relief, including, *inter alia*, an

26        injunction prohibiting Defendants, and each of them, from continuing to:

27            i.     failing to pay wages due, in accordance with the *FLSA*, *Labor Code* and

28            Wage Order 7, to "Volunteers;"

12

CLASS ACTION COMPLAINT

**Exhibit A, Page 21**

ii.    failing to authorize and permit mandated meal and rest periods or pay additional wages to their Volunteer employees in California who did not receive the required meal and rest periods in accordance with the *Labor Code* and Wage Order 7;

iii.    failing to issue accurate itemized wage statements to California employees in accordance with the *Labor Code* and Wage Order 7; and,

iv.    failing to pay all compensation due to their California Volunteer employees at the time of the termination of their employment in accordance with the *Labor Code*; and,

f.    Punitive damages for intentionally and maliciously misclassifying an entire subset of its labor force as "Volunteers" in order to avoid paying them any wages, or providing any of the benefits of employment under the FLSA, the Labor Code and/or Wage Order 7;and

g.    Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, *Labor Code* §§ 226 and 1194, and *Code of Civil Procedure* § 1021.5; and such other relief as the Court deems just and proper.

59.    On information and belief, and at all times relevant to this litigation, Defendants regularly solicited Volunteer Employees, through their websites, social media, email, and other forms of advertising. In exchange for offering their services for a shift, which often lasted over 12 hours, Volunteer Employees were provided "free admission" to the event at which the Volunteer was working. These events ranged from concerts, to fairs and festivals.

60.    Because Volunteers were expected to, and in fact did, spend the vast majority of their time performing job duties under the direction, supervision and control of Defendants, the promise of free admission was illusory. Defendants directly and/or indirectly through the use of agents, subsidiaries and/or alter egos, employed Plaintiff and similarly situated persons, and disguised this employment relationship by referring to such individuals as volunteers. However, these Volunteer Employees fall far from the exception outlined by the FLSA and the Labor Code, and thus were illegally misclassified. Plaintiff alleges that such misclassification was

13

CLASS ACTION COMPLAINT

1  made with knowledge and intent to subvert the legal protections afforded to paid employees, and

2  to profit at expense of the Volunteer Employees.

3       61.    On information and belief, and at all times relevant to this litigation, Defendants

4  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

5  against their Volunteer Employees systemic policies and practices that resulted in Defendants not

6  paying Plaintiff and other Volunteer Employees any wages for time spent under their direction

7  and control, including without limitation, all minimum, regular, overtime, reporting time, hourly

8  and/or piece-rate wages, and all meal and rest period wages, pursuant to California and Federal

9  law.

10       62.    On information and belief, and at all times relevant to this litigation, Defendants

11  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

12  against their Volunteer Employees systemic policies and practices that required Plaintiff and the

13  other Volunteer Employees to report to work, but failed to compensate them for time during

14  which they were under the employers' control and/or permitted or suffered to work, whether or

15  not required to do so.

16       63.    On information and belief, and at all times relevant to this litigation, Defendants

17  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

18  against their California volunteer employees policies and practices that resulted in Defendants

19  not providing Plaintiff and other Volunteer Employees proper required meal and rest periods in

20  accordance with California law.  Plaintiff and the other Volunteer Employees did not voluntarily

21  waive their meal or rest periods. Further, Defendants did not compensate Plaintiff and the other

22  California employees an additional hour's wage for each of Defendants' failure to provide the

23  mandated meal or rest periods.

24       64.    On information and belief, and at all times relevant to this litigation, Defendants

25  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

26  against their California Volunteer Employees policies and practices whereby Defendants

27  willfully failed to issue accurate itemized wage statements to Plaintiff and the other Volunteer

28  Employees in violation of *Labor Code* §226.

14

65.     On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their Volunteer Employees systemic policies and practices whereby Defendants willfully failed to pay the wages Defendants owed Plaintiff and the other California Volunteer Employees at the time of layoff or at the time of their employment separation in violation of *Labor Code* §§201, 202 and 203.

66.     On information and belief, and at all times relevant to this litigation, Defendants have made it difficult to account with precision for the unlawfully withheld wages due volunteer employees, including Plaintiff and other Volunteer Employees, because they did not maintain accurate time records and/or issue accurate itemized wage statements as required for California Volunteer Employees by *Labor Code* §§ 226, 1174(d), and the applicable Wage Order.  For example, Defendants failed to comply with *Labor Code* § 226(a) inasmuch as they did not issue Plaintiff and other California volunteer employees itemized wage statements that accurately list the hours worked, net and gross wages earned, applicable rates of pay, and the address of the legal entity that is the employer, as required. Plaintiff and the other Volunteer Employees have been injured by Defendants' knowing and intentional failure to provide them accurate itemized wage statements.  Pursuant to *Labor Code* § 226(e), Plaintiff and California Class Members are entitled to recover the greater of all actual damages, or penalties not to exceed $4,000.00 for each employee.

67.     Plaintiff and members of the Terminated Subclass, whose employment with defendants was terminated during the Class Period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* § 201-203.  Specifically, members of the Terminated Subclass were not paid:  (1) for all time worked; and (2) the premium wages due for Defendants' failure to provide proper meal and rest breaks.  During the Class Period, and continuing to the present, Defendants have had a consistent policy, practice, custom, and/or habit of failing to provide members of the Terminated Subclass all wages due to them upon termination.

68.     The violations herein alleged were and are willful and deliberate, and were taken

15

CLASS ACTION COMPLAINT

**Exhibit A, Page 24**

1   pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which

2   Defendants applied uniformly to Plaintiff and all members of the Volunteer Class, and which

3   have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and members of

4   the Volunteer Class.

5        69.   As a direct result of the violations herein alleged, Plaintiff and members of the

6   Volunteer Class have suffered, and continue to suffer substantial losses related to the use and

7   enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to

8   compel Defendants to fully perform their obligations under state law, all to their respective

9   damage in amounts according to proof at the time of trial.

10   **PLAINTIFF'S FACTUAL ALLEGATIONS**

11        70.   Consistent with its unlawful policies and practices, Defendants subjected Plaintiff

12   to unlawful conduct.   INSOMNIAC confirmed Plaintiff as a volunteer for the September 21,

13   2013 event at Nocturnal Wonderland in San Bernardino, California.   Plaintiff completed the

14   registration process for the event, which required her to submit her credit card information.

15   INSOMNIAC "held" $89.90 for one to five days after the event to ensure she completed her

16   "duties" and behaved appropriately during her volunteer hours.   Plaintiff was directed by

17   Insomniac to arrive at the Hilton-San Bernardino at 12:30 p.m., September 21, 2013.   She picked

18   up her Insomniac wristband and had to leave her driver's license ID for Insomniac to hold.   She

19   was then directed to drive to a designated area at the event site and park in the "volunteer parking

20   lot."   The volunteers were transported by shuttle to the "volunteer base camp" on the main event

21   grounds.   At volunteer base camp, the volunteers received Insomniac teal t-shirts which had to be

22   returned at the end of the work period or volunteers would lose the $89.90 deposit.   After driving

23   to base camp, the volunteers were given their assignments, where they could be assigned one of

24   five positions:

25        a)   General Store - volunteers' duties included assisting patrons with purchasing

26   cigarettes, lighters, glow sticks, sundries, feminine hygiene products, and candy).

27   Volunteer Employees were not permitted to handle cash;

28        b)   Merchandise store - volunteers' duties included assisting patrons with purchasing

16

CLASS ACTION COMPLAINT

1    t-shirts, hats, and other Insomniac merchandise);

2    c)    Water Stations - volunteers' duties included assisting patrons with refilling

3    Insomniac water bottles, which were purchased for $10 each);

4    d)    Information Booth - volunteers' duties included telling patrons how they could

5    navigate around the event, i.e., where certain performers might be performing on

6    different stages on the grounds, location of bathrooms, merchandise stores, general

7    stores, etc.); and

8    e)    Greeters - volunteers' duties included passing out maps, flyers, and promotions

9    for future events).

10   71.    Plaintiff was assigned to work in the General Store position, and worked in that

11   position for the duration of her shift.  Plaintiff was provided with a meal period, but it was

12   provided well after the beginning of the sixth hour of work, and was only given after repeated

13   requests for permission.  Plaintiff did not receive any rest breaks although she asked permission

14   numerous times.  Plaintiff observed that many people were not provided a compliant rest or meal

15   break either.  Plaintiff completed her checkout and returned her t-shirt at 2:30 a.m., Sept. 22,

16   2013, at which time her shift ended.  As a Volunteer Employee, Plaintiff worked in excess of

17   fourteen hours for Insomniac.  Insomniac paid Plaintiff no wages.  Through Defendants' actions,

18   Plaintiff was informed and led to believe that she and her fellow Volunteer Employees were not

19   "employees" but rather had been classified by Defendants as "volunteers," and thus were not

20   entitled to the benefits and protections of the California Labor Code or the FLSA.  Furthermore,

21   through Defendants' actions, Plaintiff was led to believe that the compensation she did receive

22   (free admission to the Nocturnal Wonderland event) would have value commensurate with the

23   value of the services she rendered to Defendants.

24   72.    Insomniac's Night Owl Recruitment flyer states that "Night Owls will receive

25   meals, water, parking, and time off to enjoy the festival," and that "Night Owls also learn about

26   the inner workings of festival production."  However, Plaintiff's only time off was during her

27   meal break, which was provided late and only after repeated requests.  Instead of being able to

28   enjoy the festival, Plaintiff was required to serve and assist Insomniac's paying customers for the

17

CLASS ACTION COMPLAINT

1  duration of her time at the event, and was unable to enjoy the benefits of "free" admission.

2  Further, Plaintiff was not provided with valuable internship-quality training, but rather was

3  simply expected to perform general customer service and shop keeping duties.  Thus, the value

4  of free admission was illusory and did not adequately compensate Plaintiff, or members of the

5  Volunteer Class for their services.

6  **CLASS ACTION ALLEGATIONS**

7       73.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

8  paragraphs.

9       74.    Plaintiff brings this action on behalf of herself and the Volunteer Class as a class

10  action, pursuant to *California Code of Civil Procedure* § 382.

11       75.    The Class Period is the period from four years prior to the date this Complaint

12  was filed, through and including the date judgment is rendered in this matter.

13       76.    The class is so numerous that the individual joinder of all members is

14  impracticable.  While the exact number and identification of class members are unknown to

15  Plaintiff at this time and can only be ascertained through appropriate discovery directed to

16  defendants, Plaintiff is informed and believes that the Volunteer Class and subclasses each

17  include thousands of members.

18       77.    Common questions of law and fact exist as to all members of the class which

19  predominate over any questions affecting only individual members of the class.  These common

20  legal and factual questions, which do not vary from class member to class member, and which

21  may be determined without reference to the individual circumstances of any class member,

22  include, but are not limited to, the following:

23       a.     Whether Plaintiff and members of the Volunteer Class are subject to and entitled

24              to the benefits of the FLSA statutes;

25       b.     Whether Plaintiff and members of the California Class are subject to and entitled

26              to the benefits of California wage and hour statutes;

27       c.     Whether Defendants violated the applicable Labor Code, Wage Orders and FLSA

28              statutes by not paying all minimum, regular, overtime, double-time, meal period,

18

1    and rest period wages owed to Plaintiff and to the Volunteer Class;

2    d.    Whether Defendants had a standard policy and/or practice of failing to pay

3          Volunteer employees any wages;

4    e.    Whether Defendants had a standard policy and/or practice of denying Plaintiff

5          and members of the Volunteer Class proper meal and rest breaks;

6    f.    Whether Defendants had a standard policy and/or practice of failing to

7          compensate Plaintiff and members of the California Class for meal and rest

8          periods that did not comply with California law;

9    g.    Whether Defendants maintained accurate records of the hours worked by

10         California volunteer employees;

11   h.    Whether Defendants had a standard policy and/or practice of failing to provide

12         Plaintiff and members of the California Class with accurate and proper wage

13         statements upon payment of wages, in violation of *Labor Code* § 226;

14   i.    Whether Defendants had a standard policy and/or practice of failing to promptly

15         pay compensation owing to Plaintiff and members of the Terminated Subclass

16         upon termination of their employment, in violation of *Labor Code* §§ 201-203;

17   j.    Whether Plaintiff and members of the Volunteer Class sustained damages, and if

18         so, the proper measure of such damages, as well as interest, penalties, costs,

19         attorneys' fees, and equitable relief;

20   k.    Whether Defendants, and each of them, are the "employer" of Plaintiff and the

21         Volunteer Class members;

22   l.    Whether Defendants' conduct as alleged herein violates the Unfair Business

23         Practices Act of California, *Bus. & Prof. Code* § 17200, et seq.;

24   m.    Whether Defendants' conduct as alleged herein constitutes false advertising in

25         violation of California, *Bus. & Prof. Code* § 17500, et seq.; and

26   n.    Whether Defendants' conduct as alleged herein constituted willful deceit.

27   78.   The claims of the named Plaintiff are typical of the claims of the members of the

28   Volunteer Class, the California Class and the Terminated Sub-Class.  Plaintiff and other class

19

CLASS ACTION COMPLAINT

1   members sustained losses, injuries and damages arising from Defendants' common policies,

2   practices, procedures, protocols, routines, and rules which were applied to other class members

3   as well as to Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages

4   as were suffered by other members of the proposed class.

5        79.    Plaintiff is an adequate representative of the proposed class because she is a

6   member of the class and her interests do not conflict with the interests of the members she seeks

7   to represent. Plaintiff has retained competent counsel, experienced in the prosecution of

8   complex class actions, and together Plaintiff and her counsel intend to prosecute this action

9   vigorously for the benefit of the class. The interests of the class members will fairly and

10   adequately be protected by Plaintiff and her attorneys.

11        80.    A class action is superior to other available methods for the fair and efficient

12   adjudication of this litigation since individual litigation of the claims of all class members is

13   impracticable. It would be unduly burdensome to the courts if these matters were to proceed on

14   an individual basis, because this would potentially result in hundreds of individual, repetitive

15   lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments,

16   and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among

17   those with equally meritorious claims. By contrast, the class action device presents far fewer

18   management difficulties and provides the benefit of a single adjudication, economics of scale,

19   and comprehensive supervision by a single court.

20        81.    The various claims asserted in this action are additionally or alternatively

21   certifiable under the provisions of the *California Code of Civil Procedure* section 382 because:

22        a.    The prosecution of separate actions by numerous individual class members would

23             create a risk or varying adjudications with respect to individual class members,

24             thus establishing incompatible standards of conduct for Defendants; and

25        b.    The prosecution of separate actions by individual class members would also

26             create the risk of adjudications with respect to them that, as a practical matter,

27             would be dispositive of the interest of the other class members who are not a party

28             to such adjudications and would substantially impair or impede the ability of such

20

CLASS ACTION COMPLAINT

non-party class members to protect their interests.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

Fair Labor Standards Act —Minimum Wages

*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

82.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

84.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the Volunteer Class.

85.    At all relevant times, Plaintiff and the members of the Volunteer Class were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S,C, §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

86.    At all relevant times, Plaintiff and the members of the Volunteer Class were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

87.    At all relevant times, Defendants have been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U,S.C. §§ 203(e), (r), and (s).

88.    At all relevant times, Defendants employed Plaintiff and the members of the Volunteer Class within the meaning of 29 U.S,C, § 203(g),

89.    Defendants have engaged in a policy and/or practice of failing to pay Plaintiff and the Volunteer Class the applicable minimum wage for all hours they suffered or permitted them to work.

21

CLASS ACTION COMPLAINT

90.     As a result of these minimum wage violations, Plaintiff and the members of the Volunteer Class have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U,S.C, § 216(b).

91.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint are unlawful.   Defendants have not made a good-faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Volunteer Class.

92.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U,S,C. § 255.

93.     Members of the Volunteer Class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action, 29 U.S.C. § 216(b).

## II.

## SECOND CAUSE OF ACTION

Fair Labor Standards Act — Overtime Wages
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

94.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

93.     At all times relevant, Plaintiff and the members of the Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the Volunteer Class.

95.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.     At all times relevant, Plaintiff and the members of the Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

97.     Defendants employed Plaintiff and the members of the Class as their employer.

98.     Defendants failed to pay Plaintiff and the members of the Class the overtime wages to which they are entitled under the FLSA.

99.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

100.    Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the Class.

101.    Because Defendant's violations of the FLSA were willfull, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

102.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 *et seq.*

### III.

### THIRD CAUSE OF ACTION

Fair Labor Standards Act — Recordkeeping Violations
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

103.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and members of the Volunteer Class, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C, § 211(c), and supporting federal regulations.

23

CLASS ACTION COMPLAINT

## IV.

### FOURTH CAUSE OF ACTION

Common Count For The Reasonable Value Of Services Rendered
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

105.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

106.   Defendants have received value and consideration from the services of Plaintiff and Class members as a result of their participation in the Volunteer Program, both financially and by receiving the benefits of a legion of free labor.

107.   Defendants knowingly accepted this consideration.

108.   Defendants have not paid Plaintiff and Volunteer Class members for the reasonable value of their services during the Class Period.

109.   Defendants are indebted to Plaintiff and Volunteer Class members for the reasonable value of services rendered, but not paid.

## V.

### FIFTH CAUSE OF ACTION

MINIMUM WAGES AND LIQUIDATED DAMAGES
(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against All Defendants*

110.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111.   At all times relevant to this complaint, Defendants, and each of them, failed, and have continued to fail, to pay Plaintiff and each California Class member all wages due, including the minimum wage, as required by law.

112.   As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each California Class member has reported to work as required and has not been compensated for time working for the employer and/or while under the control of the employer. Accordingly, each Plaintiff and each California Class member has been deprived of wages due,

24

CLASS ACTION COMPLAINT

**Exhibit A, Page 33**

1    including minimum wages, in amounts to be determined at trial.

2        113.    The applicable minimum wages fixed by the commission for Plaintiff and the

3    California Class members is found in Wage Order 7.

4        114.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants'

5    failure to pay Plaintiff and the California Class members all wages due, Plaintiff and the

6    California Class members are entitled to each recover the unpaid wages and liquidated damages

7    in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

## VI.

## SIXTH CAUSE OF ACTION

OVERTIME AND DOUBLE TIME WAGES
(Labor Code §§ 218.6, 558, & 1194, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

13        115.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

14    paragraphs.

15        116.    At all times relevant, Defendants, and each of them, have failed to properly

16    calculate and pay Plaintiff and the California Class members the required overtime or double

17    time premium wages in accordance with the applicable statutes and Wage Order 7, in amounts to

18    be proven at trial.

19        117.    As a result of Defendants' failures, the Plaintiff and the California Class members

20    are entitled to each recover the unpaid overtime and double time wages due, plus interest,

21    attorney's fees, and costs.

## VII.

## SEVENTH CAUSE OF ACTION

REST PERIODS
(Labor Code §§226.7, 558 & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

26        118.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

27    paragraphs.

28

**Exhibit A, Page 34**

119.    Wage Order 7, at section 12(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

120.    *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class member all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class member is entitled to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for the denied rest periods.

121.    Plaintiff and each California Class member suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required rest periods and has therefore not been paid all of the wages due.  Accordingly, Plaintiff and each California Class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## VIII.

## EIGHTH CAUSE OF ACTION

MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

122.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123.    Defendants violated the applicable statues, as well as Wage Order 7. Wage Order 7 provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code* § 512 contains

1  parallel language.[2]

2       124.   Plaintiff alleges that she and members of the California Class were routinely not

3  relieved of all duty for an entire 30 minutes, and further, that such relief which did occur took

4  place long-after the beginning of the sixth hour of work.

5       125.   *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each California

6  Class member all meal periods specified in the applicable Wage Order and that Plaintiff and each

7  California Class member was to be paid one additional hour of pay per day at his/her regular rate

8  of compensation as additional wages for meal periods that were not properly provided.

9       126.   Plaintiff and each California Class member have suffered a loss equal to his/her

10  applicable hourly wage rate times the total number of times he/she was not authorized and

11  permitted to take the legally-required meal periods and have therefore not been paid all of the

12  wages due. Accordingly, Plaintiff and each California Class member are entitled to recover the

13  unpaid wages in an amount to be proven at trial.

14                                          **IX.**

15                            **NINTH CAUSE OF ACTION**

16            ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
                         ( LABOR CODE §§226 and 558)
17         *Plaintiff Individually and on Behalf of the California Class Against Defendants*

18

19       127.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding

20  paragraphs.

21       128.   At all times relevant, each Defendant violated *Labor Code* § 226(a) by failing to

22  provide any accurate, itemized wage statements to members of the California Class.  Because

23  Defendants misclassified Class Members as volunteers and not employees, no itemized wage

24  statements were provided.  Such statements should have accurately reported the following:

25            a. all employers' names and addresses;

26            b. total hours worked;

27  _____

28       [2] *Brinker v. Superior Court*, (2012) 53 Cal.4th 1004, 1041 (holding that *L.C Section 512* requires a first meal period no later than the start of an employee's sixth hour of work.)

                                          27
                            CLASS ACTION COMPLAINT

1        c. applicable rates of pay;

2        d. the number of piece rate units;

3        e. the applicable piece rate;

4        f. the rate of pay and total hours for each assignment; and,

5        g. gross and net wages earned.

6        129.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each California Class

7 member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the

8 initial pay period in which a violation occurs and one hundred dollars ($100) per employee for

9 each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

10 dollars ($4,000). Plaintiff and each California Class member are further entitled to an award of

11 costs and reasonable attorney's fees.

12        130.    Defendants failed to accurately record the wages due to Plaintiff and members of

13 the California Class, specifically including, but not limited to, by failing to record any time

14 worked, or any wages due for any of the time worked by California Class members, as well as

15 premium wages for Defendants' failure to provide proper rest and meal breaks.

16        131.    Plaintiff and members of the California Class were injured by Defendants' failure

17 to provide accurate wage statements because, among other things, they were unable to determine

18 the proper amount of wages actually owed to them, and whether they had received full

19 compensation therefor.

20        132.    Plaintiff and members of the California Class request recovery of *Labor Code* §

21 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to

22 *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest

23 permitted by statute.

## X.

### TENTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

CLASS ACTION COMPLAINT

133.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

134.   *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.   The penalty cannot exceed 30 days of wages.

135.   Plaintiff and the California Class members are entitled to compensation for all wages earned, including without limitation, the unpaid minimum, overtime, double time, and premium wages for rest and meal periods not provided, but to date have not received such compensation.

136.   More than 30 days have passed since Plaintiff and California Class members terminated from their employment with Defendants.  Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed.   As a consequence of Defendants' willful conduct in not paying Plaintiff and each California Class member all earned wages at the time their employment with Defendants ended, Plaintiff and each California Class member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## XI.

## ELEVENTH CAUSE OF ACTION

RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

137.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

138.   Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

139.   Plaintiff brings this cause of action in a representative capacity on behalf of the

29

CLASS ACTION COMPLAINT

**Exhibit A, Page 38**

1  general public and the persons affected by the unlawful and unfair conduct described herein.

2  Plaintiff and members of the California Class have suffered and continue to suffer injury in fact

3  and deprivation of wages and monies as a result of Defendants' actions.

4       140.  The actions of Defendants, as herein alleged, amount to conduct which is

5  unlawful and a violation of law.  As such, said conduct constitutes unfair business practices, in

6  violation of *Business and Professions Code* §§ 17200 et. seq.

7       141.  Defendants' conduct as herein alleged has damaged Plaintiff and the members of

8  the California Class by denying them wages due and payable, and by failing to provide proper

9  wage statements.  Defendants' actions are thus substantially injurious to Plaintiff and the

10  members of the California Class, causing them injury in fact and loss of money.

11       142.  As a result of such conduct, Defendants have unlawfully and unfairly obtained

12  monies owed to Plaintiff and the members of the California Class.

13       143.  Defendant collects resumes, identification, and other documentation from each

14  volunteer, and thus, all members of the California Class can be identified by reference to records

15  in the possession of the Defendants.  The amount of wages due to Plaintiff and members of the

16  California Class can be readily determined from Defendants' records.  The members of the

17  California Class are entitled to restitution of monies due and obtained by Defendants during the

18  Class Period as a result of Defendants' unlawful and unfair conduct.

19       144.  During the Class Period, Defendants committed, and continue to commit acts of

20  unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code,*

21  by and among other things, engaging in the acts and practices described above.

22       145.  Defendants' course of conduct, acts, and practices in violation of the California

23  laws, as mentioned in each paragraph above, constitute distinct, separate and independent

24  violations of Sections 17200 et seq. of the *Business and Professions Code,*

25       146.  The harm to Plaintiff and the members of the California Class of being

26  wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants'

27  policies and practices and, therefore, Defendants' actions described herein constitute an unfair

28  business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

30

CLASS ACTION COMPLAINT

147.   Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

148.   Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

149.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Volunteer Class in that they were wrongfully denied the timely and full payment of wages owed to them.

150.   Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

## XII.

## TWELFTH CAUSE OF ACTION

(Statutory False Advertising under California Business and Professions Code § 17500)
*Plaintiff Individually and on Behalf of the California Class Against All Defendants*

151.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

Defendants' actions, as set forth above, constitute false advertising under California Business & Professions Code §§ 17500, et seq.

152.   In particular, Defendants openly advertised, through their websites, social media and email advertising to Class Members as prospective employees, yet characterized the work as that of a "volunteer." In so advertising, Defendants engaged in a widespread attempt to enlist legions of free labor, in a misuse of the "volunteer exemption" under the FLSA, California Labor Code, and other applicable law. Defendants' misuse of the volunteer exemption deceived prospective employees into believing that they would not qualify for the protections and benefits afforded to them by the FLSA, California Labor Code or other applicable law.

153.   Defendants' advertisements for volunteer labor intentionally misapplied the legal standards under the volunteer exemption, as Defendants are all for-profit, private sector

31

CLASS ACTION COMPLAINT

1   employers, and the job duties of Class members could under no circumstances be characterized

2   as public service, religious or humanitarian objectives.

3       154.   Additionally, Defendants openly and falsely advertised, through their websites,

4   social media and email advertising to Class Members as consumers.   Through Defendants'

5   actions, Plaintiff and California Class members were led to believe that the consideration they

6   would receive in exchange for rendering services as a "volunteer" would have value

7   commensurate with the value of the services rendered to Defendants.   Defendants represented

8   that volunteers would receive time off during their shifts to enjoy the events at which they

9   worked, and that this in itself was compensation for their work.   In reality, Defendants provided

10  "volunteers" with very little time to enjoy the events, and instead maintained control over when

11  and if volunteers were given any leave of their volunteer duties.   Thus, the value of the

12  consideration provided to volunteers was systematically and uniformly overstated by

13  Defendants.

14      155.   Plaintiff, relying on Defendant's actions and conduct, forewent other opportunities

15  to enter the workforce and earn wages and/or purchase other forms of similar entertainment in

16  exchange for fair consideration, and was forced to incur a higher cost than anticipated in

17  exchange for consideration of a much lower value than advertised, suffering injury in fact and

18  losing money and/or property as a result of Defendants' actions.

19      156.   As a direct and proximate result of Defendants' willful and  intentional actions,

20  Plaintiff and members of the California Class have suffered damages in an amount to be

21  determined at trial and, unless Defendants are restrained, other consumers and prospective

22  employees will continue to suffer irreparable damage.

23      157.   As a proximate result of Defendants' actions, Plaintiff and members of the

24  California Class are entitled to restitution, disgorgement, statutory penalties, wages owed,

25  injunctive relief in the form of specific performance of the contracts, and an injunction ordering

26  Defendants to stop classifying members of their workforces as "volunteers."

27              **ATTORNEY'S FEES AND COSTS**

28      158.   Plaintiff is entitled to fees and costs, pursuant to California law, including,

32

CLASS ACTION COMPLAINT

**Exhibit A, Page 41**

1 | without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further,

2 | enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of

3 | wages due employees is a fundamental public interest in California. Consequently, Plaintiff's

4 | success in this action will result in the enforcement of important rights affecting the public

5 | interest and will confer a significant benefit upon the public.

6 |

7 | **PRAYER FOR RELIEF**

8 | WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the

9 | Volunteer Class, pray for judgment against defendants as follows:

10 |    1.      For an order certifying the proposed class and subclass;

11 |    2.      For a Declaration that Defendant has violated the FLSA;

12 |    3.      For the attorneys appearing on the above caption to be named class counsel and

13 | for the named Plaintiff to be appointed class representatives;

14 |    4.      For compensatory damages in an amount according to proof with interest thereon;

15 |    5.      For economic and/or special damages in an amount according to proof with

16 | interest thereon;

17 |    6.      For payment of unpaid wages in accordance with California labor law;

18 |    7.      For payment of unpaid wages in accordance with the FLSA;

19 |    8.      For payment of penalties in accordance with California law;

20 |    9.      For Defendants to be found to have engaged in unfair competition in violation of

21 | California *Business and Professions Code* §§ 17200, *et seq.*;

22 |    10.      For Defendants to be ordered and enjoined to make restitution to Plaintiff and the

23 | class and disgorgement of profits from their unlawful business practices and accounting,

24 | pursuant to California *Business and Professions Code* §§ 17203 and 17204;

25 |    11.      For Defendants to be found to have engaged in false advertising in violation of

26 | California *Business and Professions Code* §§ 17500, *et seq.*;

27 |

28 |

CLASS ACTION COMPLAINT

1     12.     For Defendants to be ordered to pay damages and penalties for their intentional

2  violation of California *Business and Professions Code* §§ 17500, *et seq.*, pursuant to §

3  17500.3(c);

4     13.     For Defendants to be found to have engaged in common law fraud and deceit

5  under California Law;

6     14.     For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194

7  and *Code of Civil Procedure* §1021.5; and,

8     15.     For an Order enjoining Defendant from any further violations of the FLSA;

9     16.     For punitive damages, pursuant to California Civil Code § 3294, for Defendants'

10  intentional misrepresentations and conscious, willful disregard of Plaintiff and Class members'

11  rights under the FLSA, California Labor Code and other applicable laws.

12     17.     For all such other and further relief that the court may deem just and proper.

### JURY DEMAND

14     Plaintiff, on behalf of herself and all other similarly situated, hereby demands a trial by

15  jury on all applicable claims in this case.

16

17  Dated: March 7, 2014                                  Respectfully Submitted,
                                                          **MARLIN & SALTZMAN, LLP**

18

19

20  By: _____
                                                          Louis M. Marlin
21                                                        Stephen P. O'Dell
                                                          Hanna B. Raanan
22                                                        Attorneys for Plaintiff and the Proposed
                                                          Class

23

24

25

26

27

28

## FLSA CONSENT FORM

Consent to Sue Under the Fair Labor Standards Act (FLSA)


I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuit against Insomniac, Inc. and LiveNation, and any other entities or individuals who may be liable for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., and any other applicable laws.

I worked as a volunteer for Insomniac, Inc. in September 2013. I was not paid any wages during the time I worked for Insomniac, Inc. I should have been paid an hourly wage.


Elizabeth Valladares
Print Name

Elizabeth Valladares
Signature

2 - 28 - 14
Date Signed

**Exhibit A, Page 44**



You Don't Have to Sue

Here Are Some Other Ways To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

-2-

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR

-3-

may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-4-

Exhibit A, Page 48

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to

Revised July 1, 2009

**Exhibit A, Page 49**

be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

-6-

Exhibit A, Page 50

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Revised July 1, 2009

**Exhibit A, Page 51**



$$\mathfrak{Superior\ Court\ of\ California}$$
$$\mathfrak{County\ of\ San\ Bernardino}$$

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost.  The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
10681 Foothill Boulevard # 297
Rancho Cucamonga CA 91730
TEL (909) 984-2254
FAX (909) 460-0274
WEB www.inmedbd.com/

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Dr. Adrienne Pasek, Executive Director
9791 Arrow Route
Rancho Cucamonga, CA 91730
TEL (909) 621-7450
FAX (909) 621-7479
WEB www.ivjc.org/
EMAIL info@ivjc.org

-8-

Revised July 1, 2009

**Exhibit A, Page 52**

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

Jurors: Please contact the Jury Services Office at (909) 387-6244.

Others: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INSOMNIAC, INC., INSOMNIAC ENTERTAINMENT, INC., LIVE
NATION WORLDWIDE, INC., and DOES 1-100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIZABETH VALLADARES, individually and on behalf of all others
similarly situated.

**F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT**

**MAR 0 7 2014**

BY _____
DENNIS NEWCOME, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Bernardino District - Civil Division <br><br> 303 W. Third St. <br> San Bernardino, CA 92415-0210 | CASE NUMBER: <br> *(Número del Caso):* <br> **CIVDS1402710** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis M. Marlin, (SBN 054053) - 3200 EL Camino Real, Ste 100, Irvine, California 92602; 714-669-4900

| | | | |
|---|---|---|---|
| DATE: **MAR 0 7 2014** <br> *(Fecha)* | | Clerk, by _____ <br> *(Secretaria)* | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* *Insomniac Entertainment, Inc.*

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit B, Page 54**

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Louis M. Marlin, Esq. [SBN 054053] Hanna B. Raanan, Esq. [SBN 261014]
MARLIN & SALTZMAN, LLP
3200 El Camino Real, Suite 100
Irvine, CA 92602

TELEPHONE NO.: 714-669-4900      FAX NO.: 714-669-4750
ATTORNEY FOR (Name): Plaintiff, Elizabeth Valladares

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 303 W. Third Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME:

CASE NAME:
ELIZABETH VALLADARES v. INSOMNIAC, INC.

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOMB, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1402710 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 7, 2014
Hanna B. Raanan
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit B, Page 55**



### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ELIZABETH VALLADARES

Case No. **CIVDS1402710**

vs.

**CERTIFICATE OF ASSIGNMENT**

INSOMNIAC, INC., et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **San Bernardino** District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General    [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [X] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other  Labor Code | Conduct giving rise to action took place in San Bernardino |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Nocturnal Wonderland / Insomniac Event      2575 Glen Helen Parkway

<u>. (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)</u>       ADDRESS

| San Bernardino | CA | 92407 |
|---|---|---|
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

March 7, 2014       at  Irvine           , California

Signature of Attorney/Party

13-16503-360 Rev. 10/94                             SB-16503

**COPY**

1   MARLIN & SALTZMAN, LLP
    Louis M. Marlin, Esq. (SBN 054053)
2   Stephen P. O'Dell, Esq. (SBN 132279)
    Hanna B. Raanan, Esq. (SBN 261014)
3   Adrian R. Bacon, Esq. (SBN 280223)
    3200 EL Camino Real, Suite 100
4   Irvine, California 92602
    (714) 669-4900 Fax: (714) 669-4750
5

6   THE HAMIDEH FIRM, PC
    Bassil A. Hamideh (SBN: 261233)
7   1801 Century Park East, Suite. 2400
    Los Angeles, CA 90067
8   (310) 556-9687; Fax: (310) 733-5699

9   Attorneys for Plaintiff Elizabeth Valladares

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOME, DEPUTY

TRIAL SETTING CONFERENCE

Hearing Date 9/5/14
at 8:30 Dept 534

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF SAN BERNARDINO

12

| | |
|---|---|
| 13  ELIZABETH VALLADARES, individually<br>14  and on behalf of all others similarly situated, | Case No.  CIVDS1402710 |
| 15          Plaintiffs, | **CLASS ACTION** |
| 16  vs. | COMPLAINT FOR: |
| 17  INSOMNIAC, INC., a California corporation,<br>INSOMNIAC ENTERTAINMENT, INC., a<br>18  Delaware corporation, LIVE NATION<br>WORLDWIDE, INC., a Delaware corporation,<br>19  and DOES 1-100, inclusive, | 1.   VIOLATION OF FAIR LABOR<br>STANDARDS ACT 29 U.S.C. § 201<br>ET SEQ. – MINIMUM WAGES<br>2.   VIOLATION OF FAIR LABOR |
| 20          Defendants, | STANDARDS ACT 29 U.S.C. § 201<br>ET SEQ. - OVERTIME |
| 21 | 3.   VIOLATION OF FAIR LABOR<br>STANDARDS ACT 29 U.S.C. § 201 |
| 22 | ET SEQ. – FAILURE TO KEEP<br>ACCURATE RECORDS |
| 23 | 4.   COMMON COUNT FOR THE<br>REASONABLE VALUE OF |
| 24 | SERVICES RENDERED |
| 25 | 5.   FAILURE TO PAY MINIMUM<br>WAGES AND LIQUIDATED<br>DAMAGES (Labor Code §§ 1194, |
| 26 | 1197 And Wage Order 7); |
| 27 | 6.   FAILURE TO PAY OVERTIME<br>(Labor Code §§ 510, 1194, 1198 And<br>Wage Order 7) |
| 28 | |

---

1

CLASS ACTION COMPLAINT

7.     FAILURE TO PROVIDE REST BREAKS (Labor Code §§ 226.7 And Wage Order 7)

8.     FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, And Wage Order 7)

9.     FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Labor Code §§ 226);

10.    FAILURE TO PAY ALL WAGES OWED UPON TERMINATION (Labor Code §§ 201-203);

11.    VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17200.

12.    VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17500.

**13.**    COMMON LAW FRAUD AND DECEIT

**DEMAND FOR JURY TRIAL**

Plaintiff Elizabeth Valladares ("Plaintiff") hereby submits her Class Action Complaint against Defendants Insomniac, Inc., Insomniac Entertainment, Inc. (together with Insomniac, Inc., "Insomniac"), and Live Nation Worldwide, Inc. ("Live Nation") and DOES 1-100 (hereinafter collectively referred to as "Defendants") on behalf of herself and all other similarly situated individuals employed by Defendants as current or former unpaid volunteers ("Volunteer Employees") for (1) violations of the California Labor Code, including failure to pay minimum wages and liquidated damages, failure to pay overtime, failure to provide legally compliant rest breaks, failure to provide legally compliant meal periods, failure to provide accurate wage statements, failure to pay all wages owed upon termination; (2) violations of the Fair Labor Standards Act ("FLSA"), including failure to pay minimum wages, failure to keep accurate records; (3) failure to pay for goods and services rendered; and (4) restitution and injunctive relief as follows:

///

///

## I.

## **INTRODUCTION**

1.      This class action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1198, Industrial Welfare Commission ("IWC") Wage Order 7 and California <u>Business and Professions Code</u> §17200, et seq. (Unfair Practices Act). This class action also alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as well as California common law violations.

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u> and <u>Business and Professions Code</u> whereby Defendants purport to solicit volunteers to work at their events under the false pretense that volunteers will get to enjoy the event in exchange for their services.   In reality, Volunteer Employees are required to work for the duration of the event, and are never able to enjoy the event. Furthermore, Defendants require Volunteer Employees to pay a deposit fee for their unpaid services, which amount is charged to the Volunteer Employee if Defendants determine, in their sole discretion, that the Volunteer Employee has not performed to their satisfaction.   As a result, Volunteer Employees do not receive any compensation for their "employment" and in some cases are forced to pay Defendants in order to work for them.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard of the rights of all Volunteer Employees to receive all regular wages due for services rendered, to receive legally compliant meal and rest breaks, to receive all wages due for meal and rest period violations, to timely receive all final wages due upon termination of employment, and in connection with Defendants' failure to maintain all proper payroll records of Plaintiff and class members.

4.      Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u>, applicable IWC wage orders and the FLSA, by creating and

1  maintaining policies, practices and customs that knowingly deny Volunteer Employees the above
2  stated rights and benefits.

## II.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code* and regulations, as well as *Business & Professions Code* § 17200. Venue is proper in San Bernardino County because the conduct alleged herein which gives rise to the claims asserted occurred within San Bernardino County. Specifically, Plaintiff worked for defendants within San Bernardino County, and the wages herein claimed were earned by her in San Bernardino County. Additionally, the products and services exchanged for Plaintiff's labor were issued and consumed in San Bernardino County.

## III.

## THE PARTIES

6.     Plaintiff ELIZABETH VALLADARES is an individual residing in Los Angeles, California.

7.     With respect to the FLSA claims, Plaintiff has consented to join this action by concurrently filing a written Consent to Join form, attached hereto as Exhibit A.

8.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure § 382. The class which Plaintiff seeks to represent is composed of and defined as follows:

Volunteer Class:

      All persons who worked as an unpaid volunteer at any event, show, or other promotional gathering conducted by DEFENDANTS, in the United States, at any time during the Class Period.

California Class:

      All members of the Volunteer Class who worked as an unpaid volunteer at an event, show, or other promotional gathering conducted by DEFENDANTS in the State of California, at any time during the Class Period.

4

CLASS ACTION COMPLAINT

1     <u>Terminated Subclass:</u>

2          All members of the California Class whose employment ended during the Class

3          Period.

4         Excluded from the Volunteer Class, California Class and Terminated Subclass are

5 individuals who acted as, for the period during which they acted as, Defendants' leads,

6 supervisors, managers, shift leaders, crew leaders, street team leaders, regional leaders or any

7 other employees in a managerial or supervisory position involved in enforcing or effectuating the

8 unlawful conduct alleged herein.

9         The Class Period is the period from four years prior to the date this Complaint was filed,

10 through and including the date judgment is rendered in this matter.

11        9.      Plaintiff is informed and believes and thereon alleges that at all times relevant to

12 this litigation, INSOMNIAC, INC. ("Insomniac") was and/or is a California corporation,

13 organized and existing pursuant to the laws of the state of California, which conducted and/or

14 conducts its business in the State of California and throughout the United States.

15        10.     Plaintiff is informed and believes and thereon alleges that at all times relevant to

16 this litigation, Defendant INSOMNIAC ENTERTAINMENT, INC. ("Insomniac

17 Entertainment"), was and/or is a Delaware corporation, organized and existing pursuant to the

18 laws of the state of Delaware, which conducted and/or conducts its business in the State of

19 California and throughout the United States.

20        11.     Plaintiff is informed and believes and thereon alleges that at all times relevant to

21 this litigation, Defendant LIVE NATION WORLDWIDE, INC. ("Live Nation"), was and/or is a

22 Delaware corporation, organized and existing pursuant to the laws of the state of Delaware,

23 which conducted and/or conducts its business in the State of California and throughout the

24 United States.

25        12.     Defendants are collectively the world's global event leaders and owners of one of

26 the world's top five e-commerce sites with over 27 million monthly unique visitors.

27        13.     Plaintiff alleges, based on information and belief, that the Defendants are part of a

28 joint enterprise, and as a matter of law, a single employer and actor for purposes of this lawsuit.

14. Plaintiff further alleges based on information and belief that the Defendants are agents of one another, and act as part of an overall single business enterprise, under centralized control. Plaintiff further alleges that each Defendant acted as a joint employer of the proposed class members.

15. Plaintiff does not know the true names or capacities, whether individual, partnership, corporate or otherwise, of the defendants sued herein as DOE defendants, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of the said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the putative class to be subject to the illegal employment practices, wrongs, breaches, and injuries complained of herein.

16. At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17. Plaintiff is informed and believes, and based thereon alleges, that at all times pertinent hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent the said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18. At all times pertinent hereto, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19. At all times pertinent hereto, the acts and omissions of various Defendants, and

1  each of them, concurred with and contributed to the various acts and omissions of each and all of

2  the other Defendants in proximately causing the injuries and damaged as herein alleged.  At all

3  pertinent times, Defendants, and each of them, ratified each and every act or omission

4  complained of herein.   At all pertinent times, the Defendants, and each of them, aided and

5  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

6  damages as herein alleged.

7                                         IV.

8                          **FACTUAL ALLEGATIONS**

9          36.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding

10  paragraphs.

11         37.     Defendants Insomniac, Inc. and Insomniac Entertainment (together "Insomniac")

12  is an American tour promoter focusing primarily on electronic music events. It organizes a

13  number of major dance music festivals, including its flagship Electric Daisy Carnival, along with

14  other events such as Beyond Wonderland, Nocturnal Wonderland, and also jointly organized

15  with Defendant Live Nation the Together as One festival.  Insomniac is a for-profit company.

16         38.     Defendant Live Nation Worldwide, Inc. ("Live Nation") is the world's leading

17  live entertainment company, which produces over 22,000 shows annually for more than 2,300

18  artists globally.  Live Nation is a for-profit company.

19         39.     Live Nation owns a 50% stake in Insomniac.  Despite Defendants' shows and

20  events being lucrative, for profit commercial operations, Defendants staff their events largely by

21  use of "volunteers", and do not pay them any wages.

22         40.     Through websites, social media, and other means of advertising, Defendants

23  recruited thousands of "volunteers" (hereinafter "Volunteer Employees") to work at their

24  events.[1]  Instead of paying Volunteer Employees for their work, Defendants, provided volunteers

25  only with free admission to the event a volunteer employee would work.  However, the value of

26

27  _____

   [1] For instance, Live Nation solicits volunteers on its website:

28  http://www.livenation.com/artists/70132/volunteer.

                          CLASS ACTION COMPLAINT

1    this "free admission" was highly overstated and essentially worthless, as volunteers spend the

2    majority of their time performing duties under the direction and control of Defendants.

3        41.    On September 21, 2013, Plaintiff was employed as a Volunteer Employee by

4    INSOMNIAC at Nocturnal Wonderland in San Bernardino, California.

5        42.    Prior to her employment, Plaintiff was required to give DEFENDANTS her credit

6    card information, presumably to ensure that she checked-in for work.  Plaintiff was further told

7    that if, at the discretion of DEFENDANTS, it was determined that she had not worked the full

8    time she was scheduled, DEFENDANTS would charge her credit card the full amount of a ticket

9    to Nocturnal Wonderland.

10       43.    Plaintiff was then required to work for 14+ hours on the day she was scheduled,

11   with no rest breaks and only one meal break.

12       44.    DEFENDANTS did not pay Plaintiff for any of the time worked, including wages

13   for work performed, overtime pay, and including time spent in work-related travel.

14   DEFENDANTS did not pay Plaintiff any meal or rest period wages when owed, and did not

15   provide meal or rest periods as required by Labor Code section 226.7.

16       45.    DEFENDANTS' failure to pay Plaintiff for all time worked, including wages for

17   work performed, failure to pay for any meal or rest period wages when owed, and failure to

18   provide meal or rest periods is a violation of the Fair Labor Standards Act ("FLSA") 201, et seq.

19       46.    DEFENDANTS did not keep accurate records of Plaintiff's work, hours and

20   wages earned.  Plaintiff was and is a victim of the policies practices and customs of

21   DEFENDANTS complained of in this action in ways that have deprived her of the rights

22   guaranteed her by the California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1198,

23   Industrial Welfare Commission ("IWC") Wage Order 7, California Business and Professions

24   Code §17200, et seq. (Unfair Practices Act), and the Fair Labor Standards Act (FLSA) §§ 201, et

25   seq.

26       47.    Through this action, Plaintiff seeks to (1) force Defendants to stop soliciting and

27   accepting work from Volunteer Employees, (2) recover unpaid wages for all Volunteer

28   Employees who performed work for Insomniac during the relevant period, and (3) recover other

8

CLASS ACTION COMPLAINT

1    damages based on Defendants' willful misrepresentations and deceit of Unpaid Volunteers and

2    violations of applicable labor laws.

3         48.    Defendants' failure to pay its volunteers any wages violates federal and state

4    minimum wage laws, which require employers to pay at least the minimum wage for all work

5    that they suffer or permit, and which exist to eliminate labor conditions detrimental to the

6    maintenance of the minimum standard of living necessary for health, efficiency, and general

7    well-being of workers.

8         49.    By failing to pay Plaintiff and thousands of others for their productive work,

9    Defendants denied federal, state, and local governments significant tax revenue and denied the

10   Volunteer Employees important benefits of working, including workers' compensation insurance,

11   social security contributions, and, most importantly, the ability to earn a fair day's wage for a fair

12   day's work.

13        50.    Defendants could have and should have paid its Volunteer Employees, but chose

14   instead to classify these individuals as non-employee volunteers, leveraging their eagerness to

15   attend these events against their willingness to work for free.

16        51.    Prior to events, Defendants invite prospective volunteers to submit an application

17   and resume, so that they can decide whether an individual will be "approved" as a volunteer.

18   Defendants then provide each individual with a set of common event guidelines that must be

19   followed as a volunteer.  In addition to filling out an application, volunteers must also pay a

20   "refundable volunteer deposit" to solidify their position as a volunteer.  If the volunteer is

21   deemed not to have completed their "duties" or to have behaved inappropriately during the

22   volunteer hours, Defendants do not return the deposit.

23        52.    Plaintiff brings this Class Action against Defendants, and each of them, pursuant

24   to Code of Civil Procedure §382, on behalf of herself and for the benefit of all other persons

25   employed directly and/or indirectly by Defendants as a "volunteer," who were not paid wages

26   pursuant to California and Federal law prior and subsequent to the date this action was filed.

27        53.    Based on information and belief, for at least four years prior to the filing of this

28   action and through to the present, Defendants jointly employed Plaintiff and the putative class

1   members throughout California and the United States, and maintained and enforced against

2   Plaintiff and the putative class members the systemic policies, practices, and/or customs

3   complained of herein.   Plaintiff seeks relief on behalf of herself, and the members of the

4   Volunteer Class, as a result of systemic employment policies, practices and procedures, more

5   specifically described below, which violate the FLSA, and which have resulted in the failure of

6   Defendants to pay Plaintiff and members of the Volunteer Class all wages owed to them.  Said

7   employment policies, practices and procedures are generally described as follows:

8     a.  Defendants misclassified Plaintiff and class members as volunteers, and in doing

9     so, failed to properly pay them any wages for time spent working, including at least the

10    federal and state-mandated minimum wages for all hours worked, which include but are

11    not limited to, time spent traveling between locations, attending training and/or base

12    camp, performing duties at the events under the supervision, direction and control of

13    Defendants, and other time for which Plaintiff and class members were subject to their

14    employers' direction and control;

15    b.  Defendants failed to pay all wages due and owing to "Volunteers," including

16    Plaintiff and the class members, in violation of the Fair Labor Standards Act, 29 U.S,C.

17    §§ 201 et seq, ("*FLSA*");

18    54.  Plaintiff also seeks relief on behalf of herself and the members of the California

19  Class, as a result of systemic employment policies, practices and procedure, more specifically

20  describer below, which violate the FLSA, the California *Labor Code*, and the orders and

21  standards promulgated by the California Department of Industrial Relations, Industrial Welfare

22  Commission, and Division of Labor Standards Enforcement, and which have resulted in the

23  failure of Defendants to pay Plaintiff and members of the California Class all wages owed to

24  them.  Said employment policies, practices and procedures are generally described as follows:

25    a.  Defendants misclassified Plaintiff and class members as volunteers, and in doing

26    so, failed to properly pay them any wages for time spent working, including at least the

27    federal and state-mandated minimum wages for all hours worked, which include but are

28    not limited to, time spent traveling between locations, attending training and/or base

camp, performing duties at the events under the supervision, direction and control of Defendants, and other time for which Plaintiff and class members were subject to their employers' direction and control;

b.     Defendants failed to pay all wages due and owing to "Volunteers," including Plaintiff and the class members, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq, ("*FLSA*"), California Labor Code ("*Labor Code*") and Industrial Welfare Commission Wage Order 7 ("*Wage Order*");

c.     Defendants required, suffered, employed, and/or permitted Plaintiff and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

d.     Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed class for  such failure to provide proper rest periods, as required by *Labor Code* § 226.7 and Wage Order 7;

e.     Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for  such failure to provide proper meal periods, as required by *Labor Code* §§ 226.7 and 512 and Wage Order 7;

f.     Defendants failed to issue accurate itemized wage statements to their volunteer employees, including Plaintiff and the class members, in violation of, *inter alia*, *Labor Code* §226 and Wage Order 7;

g.     Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of *Labor Code* §§ 201-203; and,

h.     Violating *Business and Professions Code* §§ 17200 et seq. as further set forth below.

55.     Plaintiff also alleges that Defendants, and each of them, are for-profit entities and had the clear ability to pay such wages as are/were due and owing to Plaintiff and members of

11

CLASS ACTION COMPLAINT

1   the Volunteer Class, but intentionally did not pay such wages, in conscious disregard of the

2   rights of Plaintiff and the members of the Volunteer Class to timely payment of their wages.

3        56.    Further, Defendants engaged in a systematic scheme to misrepresent the nature of

4   the relationship it held over members of the Volunteer Class as one of Organization-Volunteer,

5   rather than Employer-Employee, thus deceiving and defrauding members of the Volunteer Class

6   into believing that they were not entitled to the benefits and protections of the FLSA and/or the

7   California Labor Code.

8        57.    Defendants further deceived members of the Volunteer Class, through their

9   actions and advertisements, by misrepresenting the value of admission to the events, such that

10  Plaintiff and members of the Volunteer Class reasonably believed such compensation would

11  have value commensurate with the value of the services rendered to Defendants.  Defendants

12  willfully withheld the critical caveat that Plaintiff and other members of the Volunteer Class

13  would in fact not be provided with sufficient time off during their shift to enjoy the event.

14       58.    This action seeks relief for the un-remediated violations of Federal and California

15  law including, *inter alia*:

16       a.     Damages and/or restitution, as appropriate, to Plaintiff and to the Volunteer Class,

17              for non-payment of the wages due them and interest thereon;

18       b.     Damages and/or restitution, as appropriate, to Plaintiff and to the California Class,

19              for non-payment of wages (including overtime wages), and meal and rest period wages;

20       c.     Damages and/or penalties for Plaintiff and the California Class, who were not

21              issued accurate itemized wage statements in conformity with California law.

22       d.     Damages and/or penalties for Plaintiff and California Class Members for

23              Defendants' failure to pay all wages due and owing upon completion of their

24              employment in conformity with California law;

25       e.     Implementation of other equitable and injunctive relief, including, *inter alia*, an

26              injunction prohibiting Defendants, and each of them, from continuing to:

27                   i.    failing to pay wages due, in accordance with the *FLSA*, *Labor Code* and

28                         Wage Order 7, to "Volunteers;"

ii.     failing to authorize and permit mandated meal and rest periods or pay additional wages to their Volunteer employees in California who did not receive the required meal and rest periods in accordance with the *Labor Code* and Wage Order 7;

iii.     failing to issue accurate itemized wage statements to California employees in accordance with the *Labor Code* and Wage Order 7; and,

iv.     failing to pay all compensation due to their California Volunteer employees at the time of the termination of their employment in accordance with the *Labor Code*; and,

f.     Punitive damages for intentionally and maliciously misclassifying an entire subset of its labor force as "Volunteers" in order to avoid paying them any wages, or providing any of the benefits of employment under the FLSA, the Labor Code and/or Wage Order 7;and

g.     Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, *Labor Code* §§ 226 and 1194, and *Code of Civil Procedure* § 1021.5; and such other relief as the Court deems just and proper.

59.     On information and belief, and at all times relevant to this litigation, Defendants regularly solicited Volunteer Employees, through their websites, social media, email, and other forms of advertising. In exchange for offering their services for a shift, which often lasted over 12 hours, Volunteer Employees were provided "free admission" to the event at which the Volunteer was working. These events ranged from concerts, to fairs and festivals.

60.     Because Volunteers were expected to, and in fact did, spend the vast majority of their time performing job duties under the direction, supervision and control of Defendants, the promise of free admission was illusory. Defendants directly and/or indirectly through the use of agents, subsidiaries and/or alter egos, employed Plaintiff and similarly situated persons, and disguised this employment relationship by referring to such individuals as volunteers. However, these Volunteer Employees fall far from the exception outlined by the FLSA and the Labor Code, and thus were illegally misclassified. Plaintiff alleges that such misclassification was

13

1   made with knowledge and intent to subvert the legal protections afforded to paid employees, and

2   to profit at expense of the Volunteer Employees.

3       61.    On information and belief, and at all times relevant to this litigation, Defendants

4   and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

5   against their Volunteer Employees systemic policies and practices that resulted in Defendants not

6   paying Plaintiff and other Volunteer Employees any wages for time spent under their direction

7   and control, including without limitation, all minimum, regular, overtime, reporting time, hourly

8   and/or piece-rate wages, and all meal and rest period wages, pursuant to California and Federal

9   law.

10      62.    On information and belief, and at all times relevant to this litigation, Defendants

11  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

12  against their Volunteer Employees systemic policies and practices that required Plaintiff and the

13  other Volunteer Employees to report to work, but failed to compensate them for time during

14  which they were under the employers' control and/or permitted or suffered to work, whether or

15  not required to do so.

16      63.    On information and belief, and at all times relevant to this litigation, Defendants

17  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

18  against their California volunteer employees policies and practices that resulted in Defendants

19  not providing Plaintiff and other Volunteer Employees proper required meal and rest periods in

20  accordance with California law.  Plaintiff and the other Volunteer Employees did not voluntarily

21  waive their meal or rest periods. Further, Defendants did not compensate Plaintiff and the other

22  California employees an additional hour's wage for each of Defendants' failure to provide the

23  mandated meal or rest periods.

24      64.    On information and belief, and at all times relevant to this litigation, Defendants

25  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

26  against their California Volunteer Employees policies and practices whereby Defendants

27  willfully failed to issue accurate itemized wage statements to Plaintiff and the other Volunteer

28  Employees in violation of *Labor Code* §226.

CLASS ACTION COMPLAINT

65.     On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their Volunteer Employees systemic policies and practices whereby Defendants willfully failed to pay the wages Defendants owed Plaintiff and the other California Volunteer Employees at the time of layoff or at the time of their employment separation in violation of *Labor Code* §§201, 202 and 203.

66.     On information and belief, and at all times relevant to this litigation, Defendants have made it difficult to account with precision for the unlawfully withheld wages due volunteer employees, including Plaintiff and other Volunteer Employees, because they did not maintain accurate time records and/or issue accurate itemized wage statements as required for California Volunteer Employees by *Labor Code* §§ 226, 1174(d), and the applicable Wage Order.  For example, Defendants failed to comply with *Labor Code* § 226(a) inasmuch as they did not issue Plaintiff and other California volunteer employees itemized wage statements that accurately list the hours worked, net and gross wages earned, applicable rates of pay, and the address of the legal entity that is the employer, as required. Plaintiff and the other Volunteer Employees have been injured by Defendants' knowing and intentional failure to provide them accurate itemized wage statements.  Pursuant to *Labor Code* § 226(e), Plaintiff and California Class Members are entitled to recover the greater of all actual damages, or penalties not to exceed $4,000.00 for each employee.

67.     Plaintiff and members of the Terminated Subclass, whose employment with defendants was terminated during the Class Period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* § 201-203.  Specifically, members of the Terminated Subclass were not paid:  (1) for all time worked; and (2) the premium wages due for Defendants' failure to provide proper meal and rest breaks.  During the Class Period, and continuing to the present, Defendants have had a consistent policy, practice, custom, and/or habit of failing to provide members of the Terminated Subclass all wages due to them upon termination.

68.     The violations herein alleged were and are willful and deliberate, and were taken

15

1  pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which

2  Defendants applied uniformly to Plaintiff and all members of the Volunteer Class, and which

3  have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and members of

4  the Volunteer Class.

5        69.     As a direct result of the violations herein alleged, Plaintiff and members of the

6  Volunteer Class have suffered, and continue to suffer substantial losses related to the use and

7  enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to

8  compel Defendants to fully perform their obligations under state law, all to their respective

9  damage in amounts according to proof at the time of trial.

10                          **PLAINTIFF'S FACTUAL ALLEGATIONS**

11       70.     Consistent with its unlawful policies and practices, Defendants subjected Plaintiff

12  to unlawful conduct.   INSOMNIAC confirmed Plaintiff as a volunteer for the September 21,

13  2013 event at Nocturnal Wonderland in San Bernardino, California.   Plaintiff completed the

14  registration process for the event, which required her to submit her credit card information.

15  INSOMNIAC "held" $89.90 for one to five days after the event to ensure she completed her

16  "duties" and behaved appropriately during her volunteer hours.   Plaintiff was directed by

17  Insomniac to arrive at the Hilton-San Bernardino at 12:30 p.m., September 21, 2013.   She picked

18  up her Insomniac wristband and had to leave her driver's license ID for Insomniac to hold.   She

19  was then directed to drive to a designated area at the event site and park in the "volunteer parking

20  lot."   The volunteers were transported by shuttle to the "volunteer base camp" on the main event

21  grounds.   At volunteer base camp, the volunteers received Insomniac teal t-shirts which had to be

22  returned at the end of the work period or volunteers would lose the $89.90 deposit.   After driving

23  to base camp, the volunteers were given their assignments, where they could be assigned one of

24  five positions:

25       a)      General Store - volunteers' duties included assisting patrons with purchasing

26              cigarettes, lighters, glow sticks, sundries, feminine hygiene products, and candy).

27              Volunteer Employees were not permitted to handle cash;

28       b)      Merchandise store - volunteers' duties included assisting patrons with purchasing

16

CLASS ACTION COMPLAINT

**Exhibit B, Page 72**

1    t-shirts, hats, and other Insomniac merchandise);

2         c)    Water Stations - volunteers' duties included assisting patrons with refilling

3    Insomniac water bottles, which were purchased for $10 each);

4         d)    Information Booth - volunteers' duties included telling patrons how they could

5    navigate around the event, i.e., where certain performers might be performing on

6    different stages on the grounds, location of bathrooms, merchandise stores, general

7    stores, etc.); and

8         e)    Greeters - volunteers' duties included passing out maps, flyers, and promotions

9    for future events).

10        71.    Plaintiff was assigned to work in the General Store position, and worked in that

11    position for the duration of her shift. Plaintiff was provided with a meal period, but it was

12    provided well after the beginning of the sixth hour of work, and was only given after repeated

13    requests for permission. Plaintiff did not receive any rest breaks although she asked permission

14    numerous times. Plaintiff observed that many people were not provided a compliant rest or meal

15    break either. Plaintiff completed her checkout and returned her t-shirt at 2:30 a.m., Sept. 22,

16    2013, at which time her shift ended. As a Volunteer Employee, Plaintiff worked in excess of

17    fourteen hours for Insomniac. Insomniac paid Plaintiff no wages. Through Defendants' actions,

18    Plaintiff was informed and led to believe that she and her fellow Volunteer Employees were not

19    "employees" but rather had been classified by Defendants as "volunteers," and thus were not

20    entitled to the benefits and protections of the California Labor Code or the FLSA. Furthermore,

21    through Defendants' actions, Plaintiff was led to believe that the compensation she did receive

22    (free admission to the Nocturnal Wonderland event) would have value commensurate with the

23    value of the services she rendered to Defendants.

24        72.    Insomniac's Night Owl Recruitment flyer states that "Night Owls will receive

25    meals, water, parking, and time off to enjoy the festival," and that "Night Owls also learn about

26    the inner workings of festival production." However, Plaintiff's only time off was during her

27    meal break, which was provided late and only after repeated requests. Instead of being able to

28    enjoy the festival, Plaintiff was required to serve and assist Insomniac's paying customers for the

17

CLASS ACTION COMPLAINT

1   duration of her time at the event, and was unable to enjoy the benefits of "free" admission.

2   Further, Plaintiff was not provided with valuable internship-quality training, but rather was

3   simply expected to perform general customer service and shop keeping duties.  Thus, the value

4   of free admission was illusory and did not adequately compensate Plaintiff, or members of the

5   Volunteer Class for their services.

6                              **CLASS ACTION ALLEGATIONS**

7          73.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding

8   paragraphs.

9          74.   Plaintiff brings this action on behalf of herself and the Volunteer Class as a class

10   action, pursuant to *California Code of Civil Procedure* § 382.

11          75.   The Class Period is the period from four years prior to the date this Complaint

12   was filed, through and including the date judgment is rendered in this matter.

13          76.   The class is so numerous that the individual joinder of all members is

14   impracticable.  While the exact number and identification of class members are unknown to

15   Plaintiff at this time and can only be ascertained through appropriate discovery directed to

16   defendants, Plaintiff is informed and believes that the Volunteer Class and subclasses each

17   include thousands of members.

18          77.   Common questions of law and fact exist as to all members of the class which

19   predominate over any questions affecting only individual members of the class.  These common

20   legal and factual questions, which do not vary from class member to class member, and which

21   may be determined without reference to the individual circumstances of any class member,

22   include, but are not limited to, the following:

23          a.      Whether Plaintiff and members of the Volunteer Class are subject to and entitled

24                  to the benefits of the FLSA statutes;

25          b.      Whether Plaintiff and members of the California Class are subject to and entitled

26                  to the benefits of California wage and hour statutes;

27          c.      Whether Defendants violated the applicable Labor Code, Wage Orders and FLSA

28                  statutes by not paying all minimum, regular, overtime, double-time, meal period,

1    and rest period wages owed to Plaintiff and to the Volunteer Class;

2    d.    Whether Defendants had a standard policy and/or practice of failing to pay

3          Volunteer employees any wages;

4    e.    Whether Defendants had a standard policy and/or practice of denying Plaintiff

5          and members of the Volunteer Class proper meal and rest breaks;

6    f.    Whether Defendants had a standard policy and/or practice of failing to

7          compensate Plaintiff and members of the California Class for meal and rest

8          periods that did not comply with California law;

9    g.    Whether Defendants maintained accurate records of the hours worked by

10         California volunteer employees;

11   h.    Whether Defendants had a standard policy and/or practice of failing to provide

12         Plaintiff and members of the California Class with accurate and proper wage

13         statements upon payment of wages, in violation of *Labor Code* § 226;

14   i.    Whether Defendants had a standard policy and/or practice of failing to promptly

15         pay compensation owing to Plaintiff and members of the Terminated Subclass

16         upon termination of their employment, in violation of *Labor Code* §§ 201-203;

17   j.    Whether Plaintiff and members of the Volunteer Class sustained damages, and if

18         so, the proper measure of such damages, as well as interest, penalties, costs,

19         attorneys' fees, and equitable relief;

20   k.    Whether Defendants, and each of them, are the "employer" of Plaintiff and the

21         Volunteer Class members;

22   l.    Whether Defendants' conduct as alleged herein violates the Unfair Business

23         Practices Act of California, *Bus. & Prof. Code* § 17200, et seq.;

24   m.    Whether Defendants' conduct as alleged herein constitutes false advertising in

25         violation of California, *Bus. & Prof. Code* § 17500, et seq.; and

26   n.    Whether Defendants' conduct as alleged herein constituted willful deceit.

27   78.   The claims of the named Plaintiff are typical of the claims of the members of the

28   Volunteer Class, the California Class and the Terminated Sub-Class.  Plaintiff and other class

19

CLASS ACTION COMPLAINT

1  members sustained losses, injuries and damages arising from Defendants' common policies,

2  practices, procedures, protocols, routines, and rules which were applied to other class members

3  as well as to Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages

4  as were suffered by other members of the proposed class.

5       79.    Plaintiff is an adequate representative of the proposed class because she is a

6  member of the class and her interests do not conflict with the interests of the members she seeks

7  to represent. Plaintiff has retained competent counsel, experienced in the prosecution of

8  complex class actions, and together Plaintiff and her counsel intend to prosecute this action

9  vigorously for the benefit of the class. The interests of the class members will fairly and

10  adequately be protected by Plaintiff and her attorneys.

11       80.    A class action is superior to other available methods for the fair and efficient

12  adjudication of this litigation since individual litigation of the claims of all class members is

13  impracticable. It would be unduly burdensome to the courts if these matters were to proceed on

14  an individual basis, because this would potentially result in hundreds of individual, repetitive

15  lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments,

16  and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among

17  those with equally meritorious claims. By contrast, the class action device presents far fewer

18  management difficulties and provides the benefit of a single adjudication, economics of scale,

19  and comprehensive supervision by a single court.

20       81.    The various claims asserted in this action are additionally or alternatively

21  certifiable under the provisions of the *California Code of Civil Procedure* section 382 because:

22       a.    The prosecution of separate actions by numerous individual class members would

23               create a risk or varying adjudications with respect to individual class members,

24               thus establishing incompatible standards of conduct for Defendants; and

25       b.    The prosecution of separate actions by individual class members would also

26               create the risk of adjudications with respect to them that, as a practical matter,

27               would be dispositive of the interest of the other class members who are not a party

28               to such adjudications and would substantially impair or impede the ability of such

CLASS ACTION COMPLAINT

1    non-party class members to protect their interests.

2    ## CAUSES OF ACTION

3    ### I.

4    ### FIRST CAUSE OF ACTION

5    Fair Labor Standards Act —Minimum Wages

6    *Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

7    82.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

8    paragraphs.

9    83.    Defendants have engaged in a widespread pattern, policy, and practice of

10   violating the FLSA, as detailed in this Class Action Complaint.

11   84.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq.,

12   and the supporting federal regulations, apply to Defendants and protect Plaintiff and the

13   members of the Volunteer Class.

14   85.    At all relevant times, Plaintiff and the members of the Volunteer Class were

15   employed by an entity engaged in commerce and/or the production or sale of goods for

16   commerce within the meaning of 29 U.S,C, §§ 203(e), (m), and 206(a), and/or they were

17   engaged in commerce and/or the production or sale of goods for commerce within the meaning

18   of 29 U.S.C. §§ 203(e), (r), and (s).

19   86.    At all relevant times, Plaintiff and the members of the Volunteer Class were

20   employees of Defendant within the meaning of 29 U.S.C. § 203(e).

21   87.    At all relevant times, Defendants have been an enterprise engaged in commerce

22   and/or the production of goods for commerce within the meaning of 29 U,S.C. §§ 203(e), (r), and

23   (s).

24   88.    At all relevant times, Defendants employed Plaintiff and the members of the

25   Volunteer Class within the meaning of 29 U.S.C, § 203(g),

26   89.    Defendants have engaged in a policy and/or practice of failing to pay Plaintiff and

27   the Volunteer Class the applicable minimum wage for all hours they suffered or permitted them

28   to work.

21

CLASS ACTION COMPLAINT

90.    As a result of these minimum wage violations, Plaintiff and the members of the Volunteer Class have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U,S,C, § 216(b).

91.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendants have not made a good-faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Volunteer Class.

92.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U,S,C. § 255.

93.    Members of the Volunteer Class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action, 29 U.S.C. § 216(b).

## II.

## SECOND CAUSE OF ACTION

Fair Labor Standards Act — Overtime Wages
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

94.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

93.    At all times relevant, Plaintiff and the members of the Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the Volunteer Class.

Exhibit B, Page 78

95.   Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.   At all times relevant, Plaintiff and the members of the Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

97.   Defendants employed Plaintiff and the members of the Class as their employer.

98.   Defendants failed to pay Plaintiff and the members of the Class the overtime wages to which they are entitled under the FLSA.

99.   Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

100.   Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the Class.

101.   Because Defendant's violations of the FLSA were willfull, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

102.   As a result of Defendants' violations of the FLSA, Plaintiff and the members of the Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 *et seq*.

## III.

### THIRD CAUSE OF ACTION

Fair Labor Standards Act — Recordkeeping Violations
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

103.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104.   Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and members of the Volunteer Class, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

23

CLASS ACTION COMPLAINT

1

## IV.

2

### FOURTH CAUSE OF ACTION

3

Common Count For The Reasonable Value Of Services Rendered

*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

4

5    105.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding

6    paragraphs.

7    106.   Defendants have received value and consideration from the services of Plaintiff

8    and Class members as a result of their participation in the Volunteer Program, both financially

9    and by receiving the benefits of a legion of free labor.

10   107.   Defendants knowingly accepted this consideration.

11   108.   Defendants have not paid Plaintiff and Volunteer Class members for the

12   reasonable value of their services during the Class Period.

13   109.   Defendants are indebted to Plaintiff and Volunteer Class members for the

14   reasonable value of services rendered, but not paid.

15

## V.

16

### FIFTH CAUSE OF ACTION

17

MINIMUM WAGES AND LIQUIDATED DAMAGES
(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against All Defendants*

18

19

20   110.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding

21   paragraphs.

22   111.   At all times relevant to this complaint, Defendants, and each of them, failed, and

23   have continued to fail, to pay Plaintiff and each California Class member all wages due,

24   including the minimum wage, as required by law.

25   112.   As a direct and proximate result of the acts and/or omissions of each Defendant,

26   Plaintiff and each California Class member has reported to work as required and has not been

27   compensated for time working for the employer and/or while under the control of the employer.

28   Accordingly, each Plaintiff and each California Class member has been deprived of wages due,

24

CLASS ACTION COMPLAINT

1    including minimum wages, in amounts to be determined at trial.

2         113.    The applicable minimum wages fixed by the commission for Plaintiff and the

3    California Class members is found in Wage Order 7.

4         114.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants'

5    failure to pay Plaintiff and the California Class members all wages due, Plaintiff and the

6    California Class members are entitled to each recover the unpaid wages and liquidated damages

7    in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

8

## VI.

9

### SIXTH CAUSE OF ACTION

10

OVERTIME AND DOUBLE TIME WAGES

11

(Labor Code §§ 218.6, 558, & 1194, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

12

13         115.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

14    paragraphs.

15         116.    At all times relevant, Defendants, and each of them, have failed to properly

16    calculate and pay Plaintiff and the California Class members the required overtime or double

17    time premium wages in accordance with the applicable statutes and Wage Order 7, in amounts to

18    be proven at trial.

19         117.    As a result of Defendants' failures, the Plaintiff and the California Class members

20    are entitled to each recover the unpaid overtime and double time wages due, plus interest,

21    attorney's fees, and costs.

22

## VII.

23

### SEVENTH CAUSE OF ACTION

24

REST PERIODS

25

(Labor Code §§226.7, 558 & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

26

27         118.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

28    paragraphs.

119. Wage Order 7, at section 12(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

120. *Labor Code § 226.7*, requires that Defendants provide Plaintiff and each class member all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class member is entitled to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for the denied rest periods.

121. Plaintiff and each California Class member suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required rest periods and has therefore not been paid all of the wages due. Accordingly, Plaintiff and each California Class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## VIII.

### EIGHTH CAUSE OF ACTION

MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

122. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123. Defendants violated the applicable statues, as well as Wage Order 7. Wage Order 7 provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code § 512* contains

Exhibit B, Page 82

1    parallel language.[2]

2         124.   Plaintiff alleges that she and members of the California Class were routinely not

3    relieved of all duty for an entire 30 minutes, and further, that such relief which did occur took

4    place long-after the beginning of the sixth hour of work.

5         125.   *Labor Code § 226.7* requires that Defendants provide Plaintiff and each California

6    Class member all meal periods specified in the applicable Wage Order and that Plaintiff and each

7    California Class member was to be paid one additional hour of pay per day at his/her regular rate

8    of compensation as additional wages for meal periods that were not properly provided.

9         126.   Plaintiff and each California Class member have suffered a loss equal to his/her

10   applicable hourly wage rate times the total number of times he/she was not authorized and

11   permitted to take the legally-required meal periods and have therefore not been paid all of the

12   wages due. Accordingly, Plaintiff and each California Class member are entitled to recover the

13   unpaid wages in an amount to be proven at trial.

14                                          **IX.**

15                          **NINTH CAUSE OF ACTION**

16              ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
                          ( LABOR CODE §§226 and 558)
17        *Plaintiff Individually and on Behalf of the California Class Against Defendants*

18

19        127.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding

20   paragraphs.

21        128.   At all times relevant, each Defendant violated *Labor Code § 226(a)* by failing to

22   provide any accurate, itemized wage statements to members of the California Class.  Because

23   Defendants misclassified Class Members as volunteers and not employees, no itemized wage

24   statements were provided.  Such statements should have accurately reported the following:

25                    a. all employers' names and addresses;

26                    b. total hours worked;

27   _____

28        [2] *Brinker v. Superior Court*, (2012) 53 Cal.4th 1004, 1041 (holding that *L.C Section 512*
     requires a first meal period no later than the start of an employee's sixth hour of work.)

                                          27
                            CLASS ACTION COMPLAINT

      c. applicable rates of pay;

      d. the number of piece rate units;

      e. the applicable piece rate;

      f. the rate of pay and total hours for each assignment; and,

      g. gross and net wages earned.

129. Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each California Class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each California Class member are further entitled to an award of costs and reasonable attorney's fees.

130. Defendants failed to accurately record the wages due to Plaintiff and members of the California Class, specifically including, but not limited to, by failing to record any time worked, or any wages due for any of the time worked by California Class members, as well as premium wages for Defendants' failure to provide proper rest and meal breaks.

131. Plaintiff and members of the California Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefor.

132. Plaintiff and members of the California Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## X.

## TENTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

28

133.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

134.   *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

135.   Plaintiff and the California Class members are entitled to compensation for all wages earned, including without limitation, the unpaid minimum, overtime, double time, and premium wages for rest and meal periods not provided, but to date have not received such compensation.

136.   More than 30 days have passed since Plaintiff and California Class members terminated from their employment with Defendants.  Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed.  As a consequence of Defendants' willful conduct in not paying Plaintiff and each California Class member all earned wages at the time their employment with Defendants ended, Plaintiff and each California Class member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## XI.

## ELEVENTH CAUSE OF ACTION

RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

137.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

138.   Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

139.   Plaintiff brings this cause of action in a representative capacity on behalf of the

29

CLASS ACTION COMPLAINT

1   general public and the persons affected by the unlawful and unfair conduct described herein.

2   Plaintiff and members of the California Class have suffered and continue to suffer injury in fact

3   and deprivation of wages and monies as a result of Defendants' actions.

4       140.   The actions of Defendants, as herein alleged, amount to conduct which is

5   unlawful and a violation of law.  As such, said conduct constitutes unfair business practices, in

6   violation of *Business and Professions Code* §§ 17200 et. seq.

7       141.   Defendants' conduct as herein alleged has damaged Plaintiff and the members of

8   the California Class by denying them wages due and payable, and by failing to provide proper

9   wage statements.   Defendants' actions are thus substantially injurious to Plaintiff and the

10  members of the California Class, causing them injury in fact and loss of money.

11      142.   As a result of such conduct, Defendants have unlawfully and unfairly obtained

12  monies owed to Plaintiff and the members of the California Class.

13      143.   Defendant collects resumes, identification, and other documentation from each

14  volunteer, and thus, all members of the California Class can be identified by reference to records

15  in the possession of the Defendants.  The amount of wages due to Plaintiff and members of the

16  California Class can be readily determined from Defendants' records.  The members of the

17  California Class are entitled to restitution of monies due and obtained by Defendants during the

18  Class Period as a result of Defendants' unlawful and unfair conduct.

19      144.   During the Class Period, Defendants committed, and continue to commit acts of

20  unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code,*

21  by and among other things, engaging in the acts and practices described above.

22      145.   Defendants' course of conduct, acts, and practices in violation of the California

23  laws, as mentioned in each paragraph above, constitute distinct, separate and independent

24  violations of Sections 17200 et seq. of the *Business and Professions Code,*

25      146.   The harm to Plaintiff and the members of the California Class of being

26  wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants'

27  policies and practices and, therefore, Defendants' actions described herein constitute an unfair

28  business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

30

CLASS ACTION COMPLAINT

147.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

148.    Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

149.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Volunteer Class in that they were wrongfully denied the timely and full payment of wages owed to them.

150.    Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

## XII.

## TWELFTH CAUSE OF ACTION

(Statutory False Advertising under California Business and Professions Code § 17500)
*Plaintiff Individually and on Behalf of the California Class Against All Defendants*

151.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

Defendants' actions, as set forth above, constitute false advertising under California Business & Professions Code §§ 17500, et seq.

152.    In particular, Defendants openly advertised, through their websites, social media and email advertising to Class Members as prospective employees, yet characterized the work as that of a "volunteer." In so advertising, Defendants engaged in a widespread attempt to enlist legions of free labor, in a misuse of the "volunteer exemption" under the FLSA, California Labor Code, and other applicable law. Defendants' misuse of the volunteer exemption deceived prospective employees into believing that they would not qualify for the protections and benefits afforded to them by the FLSA, California Labor Code or other applicable law.

153.    Defendants' advertisements for volunteer labor intentionally misapplied the legal standards under the volunteer exemption, as Defendants are all for-profit, private sector

31

1   employers, and the job duties of Class members could under no circumstances be characterized

2   as public service, religious or humanitarian objectives.

3       154.    Additionally, Defendants openly and falsely advertised, through their websites,

4   social media and email advertising to Class Members as consumers.   Through Defendants'

5   actions, Plaintiff and California Class members were led to believe that the consideration they

6   would receive in exchange for rendering services as a "volunteer" would have value

7   commensurate with the value of the services rendered to Defendants.   Defendants represented

8   that volunteers would receive time off during their shifts to enjoy the events at which they

9   worked, and that this in itself was compensation for their work.   In reality, Defendants provided

10  "volunteers" with very little time to enjoy the events, and instead maintained control over when

11  and if volunteers were given any leave of their volunteer duties.   Thus, the value of the

12  consideration provided to volunteers was systematically and uniformly overstated by

13  Defendants.

14      155.    Plaintiff, relying on Defendant's actions and conduct, forewent other opportunities

15  to enter the workforce and earn wages and/or purchase other forms of similar entertainment in

16  exchange for fair consideration, and was forced to incur a higher cost than anticipated in

17  exchange for consideration of a much lower value than advertised, suffering injury in fact and

18  losing money and/or property as a result of Defendants' actions.

19      156.    As a direct and proximate result of Defendants' willful and  intentional actions,

20  Plaintiff and members of the California Class have suffered damages in an amount to be

21  determined at trial and, unless Defendants are restrained, other consumers and prospective

22  employees will continue to suffer irreparable damage.

23      157.    As a proximate result of Defendants' actions, Plaintiff and members of the

24  California Class are entitled to restitution, disgorgement, statutory penalties, wages owed,

25  injunctive relief in the form of specific performance of the contracts, and an injunction ordering

26  Defendants to stop classifying members of their workforces as "volunteers."

**ATTORNEY'S FEES AND COSTS**

27

28      158.    Plaintiff is entitled to fees and costs, pursuant to California law, including,

32

CLASS ACTION COMPLAINT

1  without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further,

2  enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of

3  wages due employees is a fundamental public interest in California. Consequently, Plaintiff's

4  success in this action will result in the enforcement of important rights affecting the public

5  interest and will confer a significant benefit upon the public.

6

7                                    **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the

9  Volunteer Class, pray for judgment against defendants as follows:

10     1.     For an order certifying the proposed class and subclass;

11     2.     For a Declaration that Defendant has violated the FLSA;

12     3.     For the attorneys appearing on the above caption to be named class counsel and

13  for the named Plaintiff to be appointed class representatives;

14     4.     For compensatory damages in an amount according to proof with interest thereon;

15     5.     For economic and/or special damages in an amount according to proof with

16  interest thereon;

17     6.     For payment of unpaid wages in accordance with California labor law;

18     7.     For payment of unpaid wages in accordance with the FLSA;

19     8.     For payment of penalties in accordance with California law;

20     9.     For Defendants to be found to have engaged in unfair competition in violation of

21  California *Business and Professions Code* §§ 17200, *et seq.;*

22     10.    For Defendants to be ordered and enjoined to make restitution to Plaintiff and the

23  class and disgorgement of profits from their unlawful business practices and accounting,

24  pursuant to California *Business and Professions Code* §§ 17203 and 17204;

25     11.    For Defendants to be found to have engaged in false advertising in violation of

26  California *Business and Professions Code* §§ 17500, *et seq.;*

27

28

33
CLASS ACTION COMPLAINT

12.     For Defendants to be ordered to pay damages and penalties for their intentional violation of California *Business and Professions Code* §§ 17500, *et seq*., pursuant to § 17500.3(c);

13.     For Defendants to be found to have engaged in common law fraud and deceit under California Law;

14.     For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and *Code of Civil Procedure* §1021.5; and,

15.     For an Order enjoining Defendant from any further violations of the FLSA;

16.     For punitive damages, pursuant to California Civil Code § 3294, for Defendants' intentional misrepresentations and conscious, willful disregard of Plaintiff and Class members' rights under the FLSA, California Labor Code and other applicable laws.

17.     For all such other and further relief that the court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and all other similarly situated, hereby demands a trial by jury on all applicable claims in this case.

Dated: March 7, 2014

Respectfully Submitted,
**MARLIN & SALTZMAN, LLP**

By: _____
Louis M. Marlin
Stephen P. O'Dell
Hanna B. Raanan
Attorneys for Plaintiff and the Proposed Class

34

CLASS ACTION COMPLAINT

**Exhibit B, Page 90**

## FLSA CONSENT FORM

### Consent to Sue Under the Fair Labor Standards Act (FLSA)

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuit against Insomniac, Inc. and LiveNation, and any other entities or individuals who may be liable for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., and any other applicable laws.

I worked as a volunteer for Insomniac, Inc. in September 2013. I was not paid any wages during the time I worked for Insomniac, Inc. I should have been paid an hourly wage.

Elizabeth Valladares
Print Name

Elizabeth Valladares
Signature

2 - 28 - 14
Date Signed



You Don't Have to Sue

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

-2-

- **ADR can be flexible**. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR

-3-

Revised July 1, 2009

may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved.  The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses.  Mediation normally leads to better relations between the parties and to resolutions that hold up.  For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-4-

**Exhibit B, Page 95**

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to

-5-

be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

-6-

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-7-

**Exhibit B, Page 98**



# Superior Court of California
# County of San Bernardino

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost.  The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims*:

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
10681 Foothill Boulevard # 297
Rancho Cucamonga CA 91730
TEL (909) 984-2254
FAX (909) 460-0274
WEB www.inmedbd.com/

*Civil, family law (except custody and support)*:

**Inland Valleys Justice Center**
Program Director: Dr. Adrienne Pasek, Executive Director
9791 Arrow Route
Rancho Cucamonga, CA 91730
TEL (909) 621-7450
FAX (909) 621-7479
WEB www.ivjc.org/
EMAIL info@ivjc.org

-8-

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

Jurors: Please contact the Jury Services Office at (909) 387-6244.

Others: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

# EXHIBIT C

# CORPORATE CREATIONS
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

March 17, 2014

Live Nation Worldwide, Inc.
Richard A. Munisteri Senior VP and Associate General Counsel
Live Nation
9348 Civic Center Drive
BEVERLY HILLS  CA  90210

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

**Item:** 2014-96

| | | |
|---|---|---|
| 1. | **Client Entity:** | Live Nation Worldwide, Inc. |
| 2. | **Title of Action:** | Elizabeth Valladares vs. Insomniac, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Civil Case Cover Sheet<br>Class Action Complaint |
| 4. | **Court/Agency:** | San Bernardino County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | CIVDS1402710 |
| 7. | **Case Type:** | Other Employment (Fair Labor Standards Act) |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday  3/13/2014 |
| 10. | **Date to Client:** | Monday  3/17/2014 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 04/12/14 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | **SOP Sender:**<br><sub>(Name, City and Phone Number)</sub> | Louis M. Marlin, Esq.<br>Irvine, CA<br>(714) 669-4900 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410    Tel: (561) 694-8107    Fax: (561) 694-1639
www.CorporateCreations.com

**Exhibit C, Page 101**



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INSOMNIAC, INC., INSOMNIAC ENTERTAINMENT, INC., LIVE
NATION WORLDWIDE, INC., and DOES 1-100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIZABETH VALLADARES, individually and on behalf of all others
similarly situated.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOMB,  DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino District - Civil Division | **CASE NUMBER:** *(Número del Caso):* CIVDS1402710 |
|---|---|

303 W. Third St.
San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis M. Marlin, (SBN 054053) - 3200 EL Camino Real, Ste 100, Irving, California 92602; 714-669-4900

| DATE: **MAR 0 7 2014** *(Fecha)* | Clerk, by _____ *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LIVE NATION WORLDWIDE, INC.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit C, Page 102**

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Louis M. Marlin, Esq. [SBN 054053] Hanna B. Raanan, Esq. [SBN 261014] MARLIN & SALTZMAN, LLP 3200 El Camino Real, Suite 100 Irvine, CA 92602 | **FILED** SUPERIOR COURT COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT |

TELEPHONE NO.: 714-669-4900          FAX NO.: 714-669-4750

ATTORNEY FOR *(Name):* Plaintiff, Elizabeth Valladares

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO

STREET ADDRESS: 303 W. Third Street

MAILING ADDRESS: SAME

CITY AND ZIP CODE: San Bernardino, CA 92415-0210

BRANCH NAME:

MAR 0 7 2014

BY _____

DENNIS NEWCOMB, DEPUTY

CASE NAME:

ELIZABETH VALLADARES v. INSOMNIAC, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVDS1402710 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):*

5. This case [✓] is [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2014

Hanna B. Raanan
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

**Exhibit C, Page 103**

# ©COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ELIZABETH VALLADARES

Case No. _CIVDS1402710_

vs.

**CERTIFICATE OF ASSIGNMENT**

INSOMNIAC, INC., et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _San Bernardino_ District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General    [ ] Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [X] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other _Labor Code_ | Conduct giving rise to action took place in San Bernardino |
| | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Nocturnal Wonderland / Insomniac Event                2575 Glen Helen Parkway

. (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

San Bernardino                          CA                    92407

(CITY)                          (STATE)                (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

March 7, 2014                  at  Irvine                                , California

_signature_

Signature of Attorney/Party

13-16503-360 Rev. 10/94                                              SB-16503

**Exhibit C, Page 104**

**COPY**

1  **MARLIN & SALTZMAN, LLP**
   Louis M. Marlin, Esq. (SBN 054053)
2  Stephen P. O'Dell, Esq. (SBN 132279)
   Hanna B. Raanan, Esq. (SBN 261014)
3  Adrian R. Bacon, Esq. (SBN 280223)
   3200 EL Camino Real, Suite 100
4  Irvine, California 92602
   (714) 669-4900 Fax: (714) 669-4750
5
6  **THE HAMIDEH FIRM, PC**
   Bassil A. Hamideh (SBN: 261233)
7  1801 Century Park East, Suite. 2400
   Los Angeles, CA 90067
8  (310) 556-9687; Fax: (310) 733-5699
9  Attorneys for Plaintiff Elizabeth Valladares

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 7 2014

BY _____
DENNIS NEWCOMB, DEPUTY

TRIAL SETTING CONFERENCE

Hearing Date 9/5/14
at 8:30 Dept 534

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11             **FOR THE COUNTY OF SAN BERNARDINO**

12

13  ELIZABETH VALLADARES, individually
14  and on behalf of all others similarly situated,

15                      Plaintiffs,
16       vs.
17  INSOMNIAC, INC., a California corporation,
    INSOMNIAC ENTERTAINMENT, INC., a
18  Delaware corporation, LIVE NATION
    WORLDWIDE, INC., a Delaware corporation,
19  and DOES 1-100, inclusive,
20                      Defendants,
21
22
23
24
25
26
27
28

Case No.   CIVDS1402710

**CLASS ACTION**

COMPLAINT FOR:

1.  VIOLATION OF FAIR LABOR
    STANDARDS ACT 29 U.S.C. § 201
    ET SEQ. –MINIMUM WAGES

2.  VIOLATION OF FAIR LABOR
    STANDARDS ACT 29 U.S.C. § 201
    ET SEQ. - OVERTIME

3.  VIOLATION OF FAIR LABOR
    STANDARDS ACT 29 U.S.C. § 201
    ET SEQ. – FAILURE TO KEEP
    ACCURATE RECORDS

4.  COMMON COUNT FOR THE
    REASONABLE VALUE OF
    SERVICES RENDERED

5.  FAILURE TO PAY MINIMUM
    WAGES AND LIQUIDATED
    DAMAGES (Labor Code §§ 1194,
    1197 And Wage Order 7);

6.  FAILURE TO PAY OVERTIME
    (Labor Code §§ 510, 1194, 1198 And
    Wage Order 7)

1
CLASS ACTION COMPLAINT

Exhibit C, Page 105

| | | |
|---|---|---|
| 1 | 7. | **FAILURE TO PROVIDE REST BREAKS** (Labor Code §§ 226.7 And Wage Order 7) |
| 2 | | |
| 3 | 8. | **FAILURE TO PROVIDE MEAL PERIODS** (Labor Code §§ 226.7, 512, And Wage Order 7) |
| 4 | | |
| 5 | 9. | **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** (Labor Code §§ 226); |
| 6 | | |
| 7 | 10. | **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION** (Labor Code §§ 201-203); |
| 8 | | |
| 9 | 11. | **VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17200.** |
| 10 | 12. | **VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17500.** |
| 11 | | |
| 12 | **13.** | **COMMON LAW FRAUD AND DECEIT** |
| 13 | | |
| 14 | | **DEMAND FOR JURY TRIAL** |

15    Plaintiff Elizabeth Valladares ("Plaintiff" ) hereby submits her Class Action Complaint

16  against Defendants Insomniac, Inc., Insomniac Entertainment, Inc. (together with Insomniac,

17  Inc., "Insomniac"), and Live Nation Worldwide, Inc. ("Live Nation") and DOES 1-100

18  (hereinafter collectively referred to as "Defendants") on behalf of herself and all other similarly

19  situated individuals employed by Defendants as current or former unpaid volunteers ("Volunteer

20  Employees") for (1) violations of the California <u>Labor Code</u>, including failure to pay minimum

21  wages and liquidated damages, failure to pay overtime, failure to provide legally compliant rest

22  breaks, failure to provide legally compliant meal periods, failure to provide accurate wage

23  statements, failure to pay all wages owed upon termination; (2) violations of the Fair Labor

24  Standards Act ("FLSA"), including failure to pay minimum wages, failure to keep accurate

25  records; (3) failure to pay for goods and services rendered; and (4) restitution and injunctive

26  relief as follows:

27  ///

28  ///

2
CLASS ACTION COMPLAINT

Exhibit C, Page 106

# I.

## **INTRODUCTION**

1.      This class action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1198, Industrial Welfare Commission ("IWC") Wage Order 7 and California <u>Business and Professions Code</u> §17200, et seq. (Unfair Practices Act). This class action also alleges violations of the Fair Labor Standards Act, 29 U.S,C. §§ 201 et seq., as well as California common law violations.

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u> and <u>Business and Professions Code</u> whereby Defendants purport to solicit volunteers to work at their events under the false pretense that volunteers will get to enjoy the event in exchange for their services.   In reality, Volunteer Employees are required to work for the duration of the event, and are never able to enjoy the event. Furthermore, Defendants require Volunteer Employees to pay a deposit fee for their unpaid services, which amount is charged to the Volunteer Employee if Defendants determine, in their sole discretion, that the Volunteer Employee has not performed to their satisfaction.   As a result, Volunteer Employees do not receive any compensation for their "employment" and in some cases are forced to pay Defendants in order to work for them.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard of the rights of all Volunteer Employees to receive all regular wages due for services rendered, to receive legally compliant meal and rest breaks, to receive all wages due for meal and rest period violations, to timely receive all final wages due upon termination of employment, and in connection with Defendants' failure to maintain all proper payroll records of Plaintiff and class members.

4.      Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u>, applicable IWC wage orders and the FLSA, by creating and

1  maintaining policies, practices and customs that knowingly deny Volunteer Employees the above
2  stated rights and benefits.

3  **II.**

4  **JURISDICTION AND VENUE**

5  5.    This Court has jurisdiction over this matter pursuant to the provisions of the
6  California *Labor Code* and regulations, as well as *Business & Professions Code* § 17200. Venue
7  is proper in San Bernardino County because the conduct alleged herein which gives rise to the
8  claims asserted occurred within San Bernardino County. Specifically, Plaintiff worked for
9  defendants within San Bernardino County, and the wages herein claimed were earned by her in
10  San Bernardino County. Additionally, the products and services exchanged for Plaintiff's labor
11  were issued and consumed in San Bernardino County.

12  **III.**

13  **THE PARTIES**

14  6.    Plaintiff ELIZABETH VALLADARES is an individual residing in Los Angeles,
15  California.

16  7.    With respect to the FLSA claims, Plaintiff has consented to join this action by
17  concurrently filing a written Consent to Join form, attached hereto as Exhibit A.

18  8.    Plaintiff brings this action on behalf of herself and all others similarly situated as
19  a class action, pursuant to California Code of Civil Procedure § 382. The class which Plaintiff
20  seeks to represent is composed of and defined as follows:

21  Volunteer Class:

22      All persons who worked as an unpaid volunteer at any event, show, or other
23      promotional gathering conducted by DEFENDANTS, in the United States, at any
24      time during the Class Period.

25  California Class:

26      All members of the Volunteer Class who worked as an unpaid volunteer at an
27      event, show, or other promotional gathering conducted by DEFENDANTS in the
28      State of California, at any time during the Class Period.

4

Terminated Subclass:

> All members of the California Class whose employment ended during the Class Period.

Excluded from the Volunteer Class, California Class and Terminated Subclass are individuals who acted as, for the period during which they acted as, Defendants' leads, supervisors, managers, shift leaders, crew leaders, street team leaders, regional leaders or any other employees in a managerial or supervisory position involved in enforcing or effectuating the unlawful conduct alleged herein.

The Class Period is the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

9.   Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, INSOMNIAC, INC. ("Insomniac") was and/or is a California corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California and throughout the United States.

10.   Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant INSOMNIAC ENTERTAINMENT, INC. ("Insomniac Entertainment"), was and/or is a Delaware corporation, organized and existing pursuant to the laws of the state of Delaware, which conducted and/or conducts its business in the State of California and throughout the United States.

11.   Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant LIVE NATION WORLDWIDE, INC. ("Live Nation"), was and/or is a Delaware corporation, organized and existing pursuant to the laws of the state of Delaware, which conducted and/or conducts its business in the State of California and throughout the United States.

12.   Defendants are collectively the world's global event leaders and owners of one of the world's top five e-commerce sites with over 27 million monthly unique visitors.

13.   Plaintiff alleges, based on information and belief, that the Defendants are part of a joint enterprise, and as a matter of law, a single employer and actor for purposes of this lawsuit.

5

CLASS ACTION COMPLAINT

Exhibit C, Page 109

1    14.    Plaintiff further alleges based on information and belief that the Defendants are
2  agents of one another, and act as part of an overall single business enterprise, under centralized
3  control.  Plaintiff further alleges that each Defendant acted as a joint employer of the proposed
4  class members.

5    15.    Plaintiff does not know the true names or capacities, whether individual,
6  partnership, corporate or otherwise, of the defendants sued herein as DOE defendants, and for
7  that reason, said defendants are sued under such fictitious names, and Plaintiff prays leave to
8  amend this complaint when the true names and capacities are known.  Plaintiff is informed and
9  believes, and based thereon alleges, that each of the said fictitious defendants were responsible in
10  some way for the matters alleged herein and proximately caused Plaintiff and members of the
11  putative class to be subject to the illegal employment practices, wrongs, breaches, and injuries
12  complained of herein.

13    16.    At all times pertinent hereto, each of the said DOE defendants participated in the
14  doing of acts hereinafter alleged to have been done by the named Defendants; and furthermore,
15  the Defendants, and each of them, were the agents, servants, and employees of each of the other
16  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were
17  acting within the course and scope of said agency and employment.

18    17.    Plaintiff is informed and believes, and based thereon alleges, that at all times
19  pertinent hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or
20  joint venturer of, or working in concert with, each of the other co-Defendants and was acting
21  within the course and scope of such agency, employment, joint venture, or concerted activity.
22  To the extent the said acts, conduct, and omissions were perpetrated by certain Defendants, each
23  of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the
24  acting Defendants.

25    18.    At all times pertinent hereto, Defendants, and each of them, were members of,
26  and engaged in, a joint venture, partnership and common enterprise, and acting within the course
27  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

28    19.    At all times pertinent hereto, the acts and omissions of various Defendants, and

1  each of them, concurred with and contributed to the various acts and omissions of each and all of
2  the other Defendants in proximately causing the injuries and damaged as herein alleged.  At all
3  pertinent times, Defendants, and each of them, ratified each and every act or omission
4  complained of herein.  At all pertinent times, the Defendants, and each of them, aided and
5  abetted the acts and omissions of each and all of the other Defendants in proximately causing the
6  damages as herein alleged.

7                                              IV.

8                              **FACTUAL ALLEGATIONS**

9      36.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding
10  paragraphs.

11      37.    Defendants Insomniac, Inc. and Insomniac Entertainment (together "Insomniac")
12  is an American tour promoter focusing primarily on electronic music events. It organizes a
13  number of major dance music festivals, including its flagship Electric Daisy Carnival, along with
14  other events such as Beyond Wonderland, Nocturnal Wonderland, and also jointly organized
15  with Defendant Live Nation the Together as One festival.  Insomniac is a for-profit company.

16      38.    Defendant Live Nation Worldwide, Inc. ("Live Nation") is the world's leading
17  live entertainment company, which produces over 22,000 shows annually for more than 2,300
18  artists globally.  Live Nation is a for-profit company.

19      39.    Live Nation owns a 50% stake in Insomniac.  Despite Defendants' shows and
20  events being lucrative, for profit commercial operations, Defendants staff their events largely by
21  use of "volunteers", and do not pay them any wages.

22      40.    Through websites, social media, and other means of advertising, Defendants
23  recruited thousands of "volunteers" (hereinafter "Volunteer Employees") to work at their
24  events.[1]  Instead of paying Volunteer Employees for their work, Defendants, provided volunteers
25  only with free admission to the event a volunteer employee would work.  However, the value of

26

27  _____
    [1] For instance, Live Nation solicits volunteers on its website:
28  http://www.livenation.com/artists/70132/volunteer.

---

7
**CLASS ACTION COMPLAINT**

1    this "free admission" was highly overstated and essentially worthless, as volunteers spend the

2    majority of their time performing duties under the direction and control of Defendants.

3        41.     On September 21, 2013, Plaintiff was employed as a Volunteer Employee by

4    INSOMNIAC at Nocturnal Wonderland in San Bernardino, California.

5        42.     Prior to her employment, Plaintiff was required to give DEFENDANTS her credit

6    card information, presumably to ensure that she checked-in for work.  Plaintiff was further told

7    that if, at the discretion of DEFENDANTS, it was determined that she had not worked the full

8    time she was scheduled, DEFENDANTS would charge her credit card the full amount of a ticket

9    to Nocturnal Wonderland.

10       43.     Plaintiff was then required to work for 14+ hours on the day she was scheduled,

11   with no rest breaks and only one meal break.

12       44.     DEFENDANTS did not pay Plaintiff for any of the time worked, including wages

13   for  work  performed,  overtime  pay,  and  including  time  spent  in  work-related  travel.

14   DEFENDANTS did not pay Plaintiff any meal or rest period wages when owed, and did not

15   provide meal or rest periods as required by Labor Code section 226.7.

16       45.     DEFENDANTS' failure to pay Plaintiff for all time worked, including wages for

17   work performed, failure to pay for any meal or rest period wages when owed, and failure to

18   provide meal or rest periods is a violation of the Fair Labor Standards Act ("FLSA") 201, et seq.

19       46.     DEFENDANTS did not keep accurate records of Plaintiff's work, hours and

20   wages earned.   Plaintiff was and is a victim of the policies practices and customs of

21   DEFENDANTS complained of in this action in ways that have deprived her of the rights

22   guaranteed her by the California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, 1198,

23   Industrial Welfare Commission ("IWC") Wage Order 7, California Business and Professions

24   Code §17200, et seq. (Unfair Practices Act), and the Fair Labor Standards Act (FLSA) §§ 201, et

25   seq.

26       47.     Through this action, Plaintiff seeks to (1) force Defendants to stop soliciting and

27   accepting work from Volunteer Employees, (2) recover unpaid wages for all Volunteer

28   Employees who performed work for Insomniac during the relevant period, and (3) recover other

8

CLASS ACTION COMPLAINT

1 | damages based on Defendants' willful misrepresentations and deceit of Unpaid Volunteers and
2 | violations of applicable labor laws.

3 |     48.     Defendants' failure to pay its volunteers any wages violates federal and state
4 | minimum wage laws, which require employers to pay at least the minimum wage for all work
5 | that they suffer or permit, and which exist to eliminate labor conditions detrimental to the
6 | maintenance of the minimum standard of living necessary for health, efficiency, and general
7 | well-being of workers.

8 |     49.     By failing to pay Plaintiff and thousands of others for their productive work,
9 | Defendants denied federal, state, and local governments significant tax revenue and denied the
10 | Volunteer Employees important benefits of working, including workers' compensation insurance,
11 | social security contributions, and, most importantly, the ability to earn a fair day's wage for a fair
12 | day's work.

13 |     50.     Defendants could have and should have paid its Volunteer Employees, but chose
14 | instead to classify these individuals as non-employee volunteers, leveraging their eagerness to
15 | attend these events against their willingness to work for free.

16 |     51.     Prior to events, Defendants invite prospective volunteers to submit an application
17 | and resume, so that they can decide whether an individual will be "approved" as a volunteer.
18 | Defendants then provide each individual with a set of common event guidelines that must be
19 | followed as a volunteer. In addition to filling out an application, volunteers must also pay a
20 | "refundable volunteer deposit" to solidify their position as a volunteer. If the volunteer is
21 | deemed not to have completed their "duties" or to have behaved inappropriately during the
22 | volunteer hours, Defendants do not return the deposit.

23 |     52.     Plaintiff brings this Class Action against Defendants, and each of them, pursuant
24 | to Code of Civil Procedure §382, on behalf of herself and for the benefit of all other persons
25 | employed directly and/or indirectly by Defendants as a "volunteer," who were not paid wages
26 | pursuant to California and Federal law prior and subsequent to the date this action was filed.

27 |     53.     Based on information and belief, for at least four years prior to the filing of this
28 | action and through to the present, Defendants jointly employed Plaintiff and the putative class

1   members throughout California and the United States, and maintained and enforced against

2   Plaintiff and the putative class members the systemic policies, practices, and/or customs

3   complained of herein.   Plaintiff seeks relief on behalf of herself, and the members of the

4   Volunteer Class, as a result of systemic employment policies, practices and procedures, more

5   specifically described below, which violate the FLSA, and which have resulted in the failure of

6   Defendants to pay Plaintiff and members of the Volunteer Class all wages owed to them.   Said

7   employment policies, practices and procedures are generally described as follows:

8        a.    Defendants misclassified Plaintiff and class members as volunteers, and in doing

9        so, failed to properly pay them any wages for time spent working, including at least the

10       federal and state-mandated minimum wages for all hours worked, which include but are

11       not limited to, time spent traveling between locations, attending training and/or base

12       camp, performing duties at the events under the supervision, direction and control of

13       Defendants, and other time for which Plaintiff and class members were subject to their

14       employers' direction and control;

15       b.    Defendants failed to pay all wages due and owing to "Volunteers," including

16       Plaintiff and the class members, in violation of the Fair Labor Standards Act, 29 U.S,C.

17       §§ 201 et seq, ("*FLSA*");

18       54.    Plaintiff also seeks relief on behalf of herself and the members of the California

19  Class, as a result of systemic employment policies, practices and procedure, more specifically

20  describer below, which violate the FLSA, the California *Labor Code*, and the orders and

21  standards promulgated by the California Department of Industrial Relations, Industrial Welfare

22  Commission, and Division of Labor Standards Enforcement, and which have resulted in the

23  failure of Defendants to pay Plaintiff and members of the California Class all wages owed to

24  them. Said employment policies, practices and procedures are generally described as follows:

25       a.    Defendants misclassified Plaintiff and class members as volunteers, and in doing

26       so, failed to properly pay them any wages for time spent working, including at least the

27       federal and state-mandated minimum wages for all hours worked, which include but are

28       not limited to, time spent traveling between locations, attending training and/or base

10

camp, performing duties at the events under the supervision, direction and control of Defendants, and other time for which Plaintiff and class members were subject to their employers' direction and control;

b.      Defendants failed to pay all wages due and owing to "Volunteers," including Plaintiff and the class members, in violation of the Fair Labor Standards Act, 29 U.S,C. §§ 201 et seq, ("*FLSA*"), California Labor Code ("*Labor Code*") and Industrial Welfare Commission Wage Order 7 ("*Wage Order*");

c.      Defendants required, suffered, employed, and/or permitted Plaintiff and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

d.      Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed class for  such failure to provide proper rest periods, as required by *Labor Code* § 226.7 and Wage Order 7;

e.      Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for  such failure to provide proper meal periods, as required by *Labor Code* §§ 226.7 and 512 and Wage Order 7;

f.      Defendants failed to issue accurate itemized wage statements to their volunteer employees, including Plaintiff and the class members, in violation of, *inter alia, Labor Code* §226 and Wage Order 7;

g.      Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of *Labor Code* §§ 201-203; and,

h.      Violating *Business and Professions Code* §§ 17200 et seq. as further set forth below.

55.     Plaintiff also alleges that Defendants, and each of them, are for-profit entities and had the clear ability to pay such wages as are/were due and owing to Plaintiff and members of

11

1  the Volunteer Class, but intentionally did not pay such wages, in conscious disregard of the

2  rights of Plaintiff and the members of the Volunteer Class to timely payment of their wages.

3      56.     Further, Defendants engaged in a systematic scheme to misrepresent the nature of

4  the relationship it held over members of the Volunteer Class as one of Organization-Volunteer,

5  rather than Employer-Employee, thus deceiving and defrauding members of the Volunteer Class

6  into believing that they were not entitled to the benefits and protections of the FLSA and/or the

7  California Labor Code.

8      57.     Defendants further deceived members of the Volunteer Class, through their

9  actions and advertisements, by misrepresenting the value of admission to the events, such that

10 Plaintiff and members of the Volunteer Class reasonably believed such compensation would

11 have value commensurate with the value of the services rendered to Defendants.  Defendants

12 willfully withheld the critical caveat that Plaintiff and other members of the Volunteer Class

13 would in fact not be provided with sufficient time off during their shift to enjoy the event.

14     58.     This action seeks relief for the un-remediated violations of Federal and California

15 law including, *inter alia*:

16     a.     Damages and/or restitution, as appropriate, to Plaintiff and to the Volunteer Class,

17        for non-payment of the wages due them and interest thereon;

18     b.     Damages and/or restitution, as appropriate, to Plaintiff and to the California Class,

19        for non-payment of wages (including overtime wages), and meal and rest period wages;

20     c.     Damages and/or penalties for Plaintiff and the California Class, who were not

21        issued accurate itemized wage statements in conformity with California law.

22     d.     Damages and/or penalties for Plaintiff and California Class Members for

23        Defendants' failure to pay all wages due and owing upon completion of their

24        employment in conformity with California law;

25     e.     Implementation of other equitable and injunctive relief, including, *inter alia*, an

26        injunction prohibiting Defendants, and each of them, from continuing to:

27        i.     failing to pay wages due, in accordance with the *FLSA*, *Labor Code* and

28        Wage Order 7, to "Volunteers;"

12

CLASS ACTION COMPLAINT

ii.      failing to authorize and permit mandated meal and rest periods or pay additional wages to their Volunteer employees in California who did not receive the required meal and rest periods in accordance with the *Labor Code* and Wage Order 7;

iii.     failing to issue accurate itemized wage statements to California employees in accordance with the *Labor Code* and Wage Order 7; and,

iv.      failing to pay all compensation due to their California Volunteer employees at the time of the termination of their employment in accordance with the *Labor Code*; and,

f.       Punitive damages for intentionally and maliciously misclassifying an entire subset of its labor force as "Volunteers" in order to avoid paying them any wages, or providing any of the benefits of employment under the FLSA, the Labor Code and/or Wage Order 7;and

g.       Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, *Labor Code* §§ 226 and 1194, and *Code of Civil Procedure* § 1021.5; and such other relief as the Court deems just and proper.

59.      On information and belief, and at all times relevant to this litigation, Defendants regularly solicited Volunteer Employees, through their websites, social media, email, and other forms of advertising. In exchange for offering their services for a shift, which often lasted over 12 hours, Volunteer Employees were provided "free admission" to the event at which the Volunteer was working. These events ranged from concerts, to fairs and festivals.

60.      Because Volunteers were expected to, and in fact did, spend the vast majority of their time performing job duties under the direction, supervision and control of Defendants, the promise of free admission was illusory. Defendants directly and/or indirectly through the use of agents, subsidiaries and/or alter egos, employed Plaintiff and similarly situated persons, and disguised this employment relationship by referring to such individuals as volunteers. However, these Volunteer Employees fall far from the exception outlined by the FLSA and the Labor Code, and thus were illegally misclassified. Plaintiff alleges that such misclassification was

13

1  made with knowledge and intent to subvert the legal protections afforded to paid employees, and

2  to profit at expense of the Volunteer Employees.

3      61.    On information and belief, and at all times relevant to this litigation, Defendants

4  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

5  against their Volunteer Employees systemic policies and practices that resulted in Defendants not

6  paying Plaintiff and other Volunteer Employees any wages for time spent under their direction

7  and control, including without limitation, all minimum, regular, overtime, reporting time, hourly

8  and/or piece-rate wages, and all meal and rest period wages, pursuant to California and Federal

9  law.

10      62.    On information and belief, and at all times relevant to this litigation, Defendants

11  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

12  against their Volunteer Employees systemic policies and practices that required Plaintiff and the

13  other Volunteer Employees to report to work, but failed to compensate them for time during

14  which they were under the employers' control and/or permitted or suffered to work, whether or

15  not required to do so.

16      63.    On information and belief, and at all times relevant to this litigation, Defendants

17  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

18  against their California volunteer employees policies and practices that resulted in Defendants

19  not providing Plaintiff and other Volunteer Employees proper required meal and rest periods in

20  accordance with California law.  Plaintiff and the other Volunteer Employees did not voluntarily

21  waive their meal or rest periods. Further, Defendants did not compensate Plaintiff and the other

22  California employees an additional hour's wage for each of Defendants' failure to provide the

23  mandated meal or rest periods.

24      64.    On information and belief, and at all times relevant to this litigation, Defendants

25  and their subsidiaries, parents, or affiliated companies consistently maintained and enforced

26  against their California Volunteer Employees policies and practices whereby Defendants

27  willfully failed to issue accurate itemized wage statements to Plaintiff and the other Volunteer

28  Employees in violation of *Labor Code* §226.

65.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their Volunteer Employees systemic policies and practices whereby Defendants willfully failed to pay the wages Defendants owed Plaintiff and the other California Volunteer Employees at the time of layoff or at the time of their employment separation in violation of *Labor Code* §§201, 202 and 203.

66.   On information and belief, and at all times relevant to this litigation, Defendants have made it difficult to account with precision for the unlawfully withheld wages due volunteer employees, including Plaintiff and other Volunteer Employees, because they did not maintain accurate time records and/or issue accurate itemized wage statements as required for California Volunteer Employees by *Labor Code* §§ 226, 1174(d), and the applicable Wage Order.   For example, Defendants failed to comply with *Labor Code* § 226(a) inasmuch as they did not issue Plaintiff and other California volunteer employees itemized wage statements that accurately list the hours worked, net and gross wages earned, applicable rates of pay, and the address of the legal entity that is the employer, as required. Plaintiff and the other Volunteer Employees have been injured by Defendants' knowing and intentional failure to provide them accurate itemized wage statements.   Pursuant to *Labor Code* § 226(e), Plaintiff and California Class Members are entitled to recover the greater of all actual damages, or penalties not to exceed $4,000.00 for each employee.

67.   Plaintiff and members of the Terminated Subclass, whose employment with defendants was terminated during the Class Period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* § 201-203.   Specifically, members of the Terminated Subclass were not paid: (1) for all time worked; and (2) the premium wages due for Defendants' failure to provide proper meal and rest breaks.   During the Class Period, and continuing to the present, Defendants have had a consistent policy, practice, custom, and/or habit of failing to provide members of the Terminated Subclass all wages due to them upon termination.

68.   The violations herein alleged were and are willful and deliberate, and were taken

15

CLASS ACTION COMPLAINT

1   pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which
2   Defendants applied uniformly to Plaintiff and all members of the Volunteer Class, and which
3   have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and members of
4   the Volunteer Class.

5        69.    As a direct result of the violations herein alleged, Plaintiff and members of the
6   Volunteer Class have suffered, and continue to suffer substantial losses related to the use and
7   enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to
8   compel Defendants to fully perform their obligations under state law, all to their respective
9   damage in amounts according to proof at the time of trial.

10   **PLAINTIFF'S FACTUAL ALLEGATIONS**

11        70.    Consistent with its unlawful policies and practices, Defendants subjected Plaintiff
12   to unlawful conduct. INSOMNIAC confirmed Plaintiff as a volunteer for the September 21,
13   2013 event at Nocturnal Wonderland in San Bernardino, California. Plaintiff completed the
14   registration process for the event, which required her to submit her credit card information.
15   INSOMNIAC "held" $89.90 for one to five days after the event to ensure she completed her
16   "duties" and behaved appropriately during her volunteer hours. Plaintiff was directed by
17   Insomniac to arrive at the Hilton-San Bernardino at 12:30 p.m., September 21, 2013. She picked
18   up her Insomniac wristband and had to leave her driver's license ID for Insomniac to hold. She
19   was then directed to drive to a designated area at the event site and park in the "volunteer parking
20   lot." The volunteers were transported by shuttle to the "volunteer base camp" on the main event
21   grounds. At volunteer base camp, the volunteers received Insomniac teal t-shirts which had to be
22   returned at the end of the work period or volunteers would lose the $89.90 deposit. After driving
23   to base camp, the volunteers were given their assignments, where they could be assigned one of
24   five positions:

25       a)    General Store - volunteers' duties included assisting patrons with purchasing
26       cigarettes, lighters, glow sticks, sundries, feminine hygiene products, and candy).
27       Volunteer Employees were not permitted to handle cash;

28       b)    Merchandise store - volunteers' duties included assisting patrons with purchasing

16

1    t-shirts, hats, and other Insomniac merchandise);

2    c)      Water Stations - volunteers' duties included assisting patrons with refilling

3    Insomniac water bottles, which were purchased for $10 each);

4    d)      Information Booth - volunteers' duties included telling patrons how they could

5    navigate around the event, i.e., where certain performers might be performing on

6    different stages on the grounds, location of bathrooms, merchandise stores, general

7    stores, etc.); and

8    e)      Greeters - volunteers' duties included passing out maps, flyers, and promotions

9    for future events).

10    71.    Plaintiff was assigned to work in the General Store position, and worked in that

11    position for the duration of her shift.  Plaintiff was provided with a meal period, but it was

12    provided well after the beginning of the sixth hour of work, and was only given after repeated

13    requests for permission.  Plaintiff did not receive any rest breaks although she asked permission

14    numerous times.  Plaintiff observed that many people were not provided a compliant rest or meal

15    break either.  Plaintiff completed her checkout and returned her t-shirt at 2:30 a.m., Sept. 22,

16    2013, at which time her shift ended.  As a Volunteer Employee, Plaintiff worked in excess of

17    fourteen hours for Insomniac.  Insomniac paid Plaintiff no wages.  Through Defendants' actions,

18    Plaintiff was informed and led to believe that she and her fellow Volunteer Employees were not

19    "employees" but rather had been classified by Defendants as "volunteers," and thus were not

20    entitled to the benefits and protections of the California Labor Code or the FLSA.  Furthermore,

21    through Defendants' actions, Plaintiff was led to believe that the compensation she did receive

22    (free admission to the Nocturnal Wonderland event) would have value commensurate with the

23    value of the services she rendered to Defendants.

24    72.    Insomniac's Night Owl Recruitment flyer states that "Night Owls will receive

25    meals, water, parking, and time off to enjoy the festival," and that "Night Owls also learn about

26    the inner workings of festival production."  However, Plaintiff's only time off was during her

27    meal break, which was provided late and only after repeated requests.  Instead of being able to

28    enjoy the festival, Plaintiff was required to serve and assist Insomniac's paying customers for the

17

1   duration of her time at the event, and was unable to enjoy the benefits of "free" admission.

2   Further, Plaintiff was not provided with valuable internship-quality training, but rather was

3   simply expected to perform general customer service and shop keeping duties. Thus, the value

4   of free admission was illusory and did not adequately compensate Plaintiff, or members of the

5   Volunteer Class for their services.

6                           **CLASS ACTION ALLEGATIONS**

7        73.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

8   paragraphs.

9        74.    Plaintiff brings this action on behalf of herself and the Volunteer Class as a class

10  action, pursuant to *California Code of Civil Procedure* § 382.

11       75.    The Class Period is the period from four years prior to the date this Complaint

12  was filed, through and including the date judgment is rendered in this matter.

13       76.    The class is so numerous that the individual joinder of all members is

14  impracticable.  While the exact number and identification of class members are unknown to

15  Plaintiff at this time and can only be ascertained through appropriate discovery directed to

16  defendants, Plaintiff is informed and believes that the Volunteer Class and subclasses each

17  include thousands of members.

18       77.    Common questions of law and fact exist as to all members of the class which

19  predominate over any questions affecting only individual members of the class. These common

20  legal and factual questions, which do not vary from class member to class member, and which

21  may be determined without reference to the individual circumstances of any class member,

22  include, but are not limited to, the following:

23       a.     Whether Plaintiff and members of the Volunteer Class are subject to and entitled

24              to the benefits of the FLSA statutes;

25       b.     Whether Plaintiff and members of the California Class are subject to and entitled

26              to the benefits of California wage and hour statutes;

27       c.     Whether Defendants violated the applicable Labor Code, Wage Orders and FLSA

28              statutes by not paying all minimum, regular, overtime, double-time, meal period,

18

1  and rest period wages owed to Plaintiff and to the Volunteer Class;

2  d.  Whether Defendants had a standard policy and/or practice of failing to pay

3  Volunteer employees any wages;

4  e.  Whether Defendants had a standard policy and/or practice of denying Plaintiff

5  and members of the Volunteer Class proper meal and rest breaks;

6  f.  Whether Defendants had a standard policy and/or practice of failing to

7  compensate Plaintiff and members of the California Class for meal and rest

8  periods that did not comply with California law;

9  g.  Whether Defendants maintained accurate records of the hours worked by

10  California volunteer employees;

11  h.  Whether Defendants had a standard policy and/or practice of failing to provide

12  Plaintiff and members of the California Class with accurate and proper wage

13  statements upon payment of wages, in violation of *Labor Code* § 226;

14  i.  Whether Defendants had a standard policy and/or practice of failing to promptly

15  pay compensation owing to Plaintiff and members of the Terminated Subclass

16  upon termination of their employment, in violation of *Labor Code* §§ 201-203;

17  j.  Whether Plaintiff and members of the Volunteer Class sustained damages, and if

18  so, the proper measure of such damages, as well as interest, penalties, costs,

19  attorneys' fees, and equitable relief;

20  k.  Whether Defendants, and each of them, are the "employer" of Plaintiff and the

21  Volunteer Class members;

22  l.  Whether Defendants' conduct as alleged herein violates the Unfair Business

23  Practices Act of California, *Bus. & Prof. Code* § 17200, et seq.;

24  m.  Whether Defendants' conduct as alleged herein constitutes false advertising in

25  violation of California, *Bus. & Prof. Code* § 17500, et seq.; and

26  n.  Whether Defendants' conduct as alleged herein constituted willful deceit.

27  78.  The claims of the named Plaintiff are typical of the claims of the members of the

28  Volunteer Class, the California Class and the Terminated Sub-Class.  Plaintiff and other class

19

CLASS ACTION COMPLAINT

1  members sustained losses, injuries and damages arising from Defendants' common policies,

2  practices, procedures, protocols, routines, and rules which were applied to other class members

3  as well as to Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages

4  as were suffered by other members of the proposed class.

5  79.  Plaintiff is an adequate representative of the proposed class because she is a

6  member of the class and her interests do not conflict with the interests of the members she seeks

7  to represent.  Plaintiff has retained competent counsel, experienced in the prosecution of

8  complex class actions, and together Plaintiff and her counsel intend to prosecute this action

9  vigorously for the benefit of the class.  The interests of the class members will fairly and

10  adequately be protected by Plaintiff and her attorneys.

11  80.  A class action is superior to other available methods for the fair and efficient

12  adjudication of this litigation since individual litigation of the claims of all class members is

13  impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on

14  an individual basis, because this would potentially result in hundreds of individual, repetitive

15  lawsuits.  Individual litigation presents the potential for inconsistent or contradictory judgments,

16  and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among

17  those with equally meritorious claims.  By contrast, the class action device presents far fewer

18  management difficulties and provides the benefit of a single adjudication, economics of scale,

19  and comprehensive supervision by a single court.

20  81.  The various claims asserted in this action are additionally or alternatively

21  certifiable under the provisions of the *California Code of Civil Procedure* section 382 because:

22  a.  The prosecution of separate actions by numerous individual class members would

23  create a risk or varying adjudications with respect to individual class members,

24  thus establishing incompatible standards of conduct for Defendants; and

25  b.  The prosecution of separate actions by individual class members would also

26  create the risk of adjudications with respect to them that, as a practical matter,

27  would be dispositive of the interest of the other class members who are not a party

28  to such adjudications and would substantially impair or impede the ability of such

20

CLASS ACTION COMPLAINT

1    non-party class members to protect their interests.

2    **CAUSES OF ACTION**

3    <u>**I.**</u>

4    <u>**FIRST CAUSE OF ACTION**</u>

5    Fair Labor Standards Act —Minimum Wages

6    *Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

7    82.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

8    paragraphs.

9    83.    Defendants have engaged in a widespread pattern, policy, and practice of

10   violating the FLSA, as detailed in this Class Action Complaint.

11   84.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq.,

12   and the supporting federal regulations, apply to Defendants and protect Plaintiff and the

13   members of the Volunteer Class.

14   85.    At all relevant times, Plaintiff and the members of the Volunteer Class were

15   employed by an entity engaged in commerce and/or the production or sale of goods for

16   commerce within the meaning of 29 U.S,C, §§ 203(e), (m), and 206(a), and/or they were

17   engaged in commerce and/or the production or sale of goods for commerce within the meaning

18   of 29 U.S.C. §§ 203(e), (r), and (s).

19   86.    At all relevant times, Plaintiff and the members of the Volunteer Class were

20   employees of Defendant within the meaning of 29 U.S.C. § 203(e).

21   87.    At all relevant times, Defendants have been an enterprise engaged in commerce

22   and/or the production of goods for commerce within the meaning of 29 U,S,C. §§ 203(e), (r), and

23   (s).

24   88.    At all relevant times, Defendants employed Plaintiff and the members of the

25   Volunteer Class within the meaning of 29 U.S,C, § 203(g),

26   89.    Defendants have engaged in a policy and/or practice of failing to pay Plaintiff and

27   the Volunteer Class the applicable minimum wage for all hours they suffered or permitted them

28   to work.

90.     As a result of these minimum wage violations, Plaintiff and the members of the Volunteer Class have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U,S.C, § 216(b).

91.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendants have not made a good-faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Volunteer Class.

92.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U,S,C. § 255.

93.     Members of the Volunteer Class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action, 29 U.S.C. § 216(b).

## II.

## SECOND CAUSE OF ACTION

Fair Labor Standards Act — Overtime Wages
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

94.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

93.     At all times relevant, Plaintiff and the members of the Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the Volunteer Class.

Exhibit C, Page 126

95.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.     At all times relevant, Plaintiff and the members of the Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

97.     Defendants employed Plaintiff and the members of the Class as their employer.

98.     Defendants failed to pay Plaintiff and the members of the Class the overtime wages to which they are entitled under the FLSA.

99.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

100.    Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the Class.

101.    Because Defendant's violations of the FLSA were willfull, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

102.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 *et seq.*

## III.

## THIRD CAUSE OF ACTION

Fair Labor Standards Act — Recordkeeping Violations
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

103.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and members of the Volunteer Class, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C, § 211(c), and supporting federal regulations.

23

CLASS ACTION COMPLAINT

**IV.**

**FOURTH CAUSE OF ACTION**

Common Count For The Reasonable Value Of Services Rendered
*Plaintiff Individually and on Behalf of the Volunteer Class Against All Defendants*

105.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

106.   Defendants have received value and consideration from the services of Plaintiff and Class members as a result of their participation in the Volunteer Program, both financially and by receiving the benefits of a legion of free labor.

107.   Defendants knowingly accepted this consideration.

108.   Defendants have not paid Plaintiff and Volunteer Class members for the reasonable value of their services during the Class Period.

109.   Defendants are indebted to Plaintiff and Volunteer Class members for the reasonable value of services rendered, but not paid.

**V.**

**FIFTH CAUSE OF ACTION**

MINIMUM WAGES AND LIQUIDATED DAMAGES
(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against All Defendants*

110.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111.   At all times relevant to this complaint, Defendants, and each of them, failed, and have continued to fail, to pay Plaintiff and each California Class member all wages due, including the minimum wage, as required by law.

112.   As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each California Class member has reported to work as required and has not been compensated for time working for the employer and/or while under the control of the employer. Accordingly, each Plaintiff and each California Class member has been deprived of wages due,

24

1   including minimum wages, in amounts to be determined at trial.

2       113.    The applicable minimum wages fixed by the commission for Plaintiff and the

3   California Class members is found in Wage Order 7.

4       114.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants'

5   failure to pay Plaintiff and the California Class members all wages due, Plaintiff and the

6   California Class members are entitled to each recover the unpaid wages and liquidated damages

7   in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

8                                    **VI.**

9                      **SIXTH CAUSE OF ACTION**

10              OVERTIME AND DOUBLE TIME WAGES
                (Labor Code §§ 218.6, 558, & 1194, and Wage Order 7)
11   *Plaintiff Individually and on Behalf of the California Class Against Defendants*

12

13      115.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

14   paragraphs.

15      116.    At all times relevant, Defendants, and each of them, have failed to properly

16   calculate and pay Plaintiff and the California Class members the required overtime or double

17   time premium wages in accordance with the applicable statutes and Wage Order 7, in amounts to

18   be proven at trial.

19      117.    As a result of Defendants' failures, the Plaintiff and the California Class members

20   are entitled to each recover the unpaid overtime and double time wages due, plus interest,

21   attorney's fees, and costs.

22                                   **VII.**

23                    **SEVENTH CAUSE OF ACTION**

24                            REST PERIODS
                (Labor Code §§226.7, 558 & 1198, and Wage Order 7)
25   *Plaintiff Individually and on Behalf of the California Class Against Defendants*

26      118.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

27   paragraphs.

28

119. Wage Order 7, at section 12(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

120. *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class member all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class member is entitled to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for the denied rest periods.

121. Plaintiff and each California Class member suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required rest periods and has therefore not been paid all of the wages due. Accordingly, Plaintiff and each California Class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## VIII.

## EIGHTH CAUSE OF ACTION

### MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 7)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

122. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123. Defendants violated the applicable statues, as well as Wage Order 7. Wage Order 7 provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code* § 512 contains

26

CLASS ACTION COMPLAINT

1 | parallel language.[2]

2     124.    Plaintiff alleges that she and members of the California Class were routinely not

3 relieved of all duty for an entire 30 minutes, and further, that such relief which did occur took

4 place long-after the beginning of the sixth hour of work.

5     125.    *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each California

6 Class member all meal periods specified in the applicable Wage Order and that Plaintiff and each

7 California Class member was to be paid one additional hour of pay per day at his/her regular rate

8 of compensation as additional wages for meal periods that were not properly provided.

9     126.    Plaintiff and each California Class member have suffered a loss equal to his/her

10 applicable hourly wage rate times the total number of times he/she was not authorized and

11 permitted to take the legally-required meal periods and have therefore not been paid all of the

12 wages due. Accordingly, Plaintiff and each California Class member are entitled to recover the

13 unpaid wages in an amount to be proven at trial.

14 **IX.**

15 **NINTH CAUSE OF ACTION**

16 ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES

17 ( LABOR CODE §§226 and 558)<br>*Plaintiff Individually and on Behalf of the California Class Against Defendants*

18

19     127.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

20 paragraphs.

21     128.    At all times relevant, each Defendant violated *Labor Code* § 226(a) by failing to

22 provide any accurate, itemized wage statements to members of the California Class. Because

23 Defendants misclassified Class Members as volunteers and not employees, no itemized wage

24 statements were provided. Such statements should have accurately reported the following:

25         a. all employers' names and addresses;

26         b. total hours worked;

27

28 [2] *Brinker v. Superior Court*, (2012) 53 Cal.4th 1004, 1041 (holding that *L.C Section 512* requires a first meal period no later than the start of an employee's sixth hour of work.)

27

**Exhibit C, Page 131**

c. applicable rates of pay;

d. the number of piece rate units;

e. the applicable piece rate;

f. the rate of pay and total hours for each assignment; and,

g. gross and net wages earned.

129.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each California Class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000).  Plaintiff and each California Class member are further entitled to an award of costs and reasonable attorney's fees.

130.    Defendants failed to accurately record the wages due to Plaintiff and members of the California Class, specifically including, but not limited to, by failing to record any time worked, or any wages due for any of the time worked by California Class members, as well as premium wages for Defendants' failure to provide proper rest and meal breaks.

131.    Plaintiff and members of the California Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefor.

132.    Plaintiff and members of the California Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## X.

### TENTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the California Class  Against Defendants*

28

CLASS ACTION COMPLAINT

133.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

134.    *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

135.    Plaintiff and the California Class members are entitled to compensation for all wages earned, including without limitation, the unpaid minimum, overtime, double time, and premium wages for rest and meal periods not provided, but to date have not received such compensation.

136.    More than 30 days have passed since Plaintiff and California Class members terminated from their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed.  As a consequence of Defendants' willful conduct in not paying Plaintiff and each California Class member all earned wages at the time their employment with Defendants ended, Plaintiff and each California Class member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## XI.

### ELEVENTH CAUSE OF ACTION

RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the California Class Against Defendants*

137.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

138.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

139.    Plaintiff brings this cause of action in a representative capacity on behalf of the

29

CLASS ACTION COMPLAINT

general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the California Class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

140. The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes unfair business practices, in violation of *Business and Professions Code* §§ 17200 et. seq.

141. Defendants' conduct as herein alleged has damaged Plaintiff and the members of the California Class by denying them wages due and payable, and by failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the California Class, causing them injury in fact and loss of money.

142. As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of the California Class.

143. Defendant collects resumes, identification, and other documentation from each volunteer, and thus, all members of the California Class can be identified by reference to records in the possession of the Defendants. The amount of wages due to Plaintiff and members of the California Class can be readily determined from Defendants' records. The members of the California Class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

144. During the Class Period, Defendants committed, and continue to commit acts of unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code,* by and among other things, engaging in the acts and practices described above.

145. Defendants' course of conduct, acts, and practices in violation of the California laws, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the *Business and Professions Code,*

146. The harm to Plaintiff and the members of the California Class of being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

147.   Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

148.   Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

149.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Volunteer Class in that they were wrongfully denied the timely and full payment of wages owed to them.

150.   Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

## XII.

## TWELFTH CAUSE OF ACTION

(Statutory False Advertising under California Business and Professions Code § 17500)
*Plaintiff Individually and on Behalf of the California Class Against All Defendants*

151.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

Defendants' actions, as set forth above, constitute false advertising under California Business & Professions Code §§ 17500, et seq.

152.   In particular, Defendants openly advertised, through their websites, social media and email advertising to Class Members as prospective employees, yet characterized the work as that of a "volunteer."  In so advertising, Defendants engaged in a widespread attempt to enlist legions of free labor, in a misuse of the "volunteer exemption" under the FLSA, California Labor Code, and other applicable law.  Defendants' misuse of the volunteer exemption deceived prospective employees into believing that they would not qualify for the protections and benefits afforded to them by the FLSA, California Labor Code or other applicable law.

153.   Defendants' advertisements for volunteer labor intentionally misapplied the legal standards under the volunteer exemption, as Defendants are all for-profit, private sector

31

1  employers, and the job duties of Class members could under no circumstances be characterized

2  as public service, religious or humanitarian objectives.

3      154.   Additionally, Defendants openly and falsely advertised, through their websites,

4  social media and email advertising to Class Members as consumers.   Through Defendants'

5  actions, Plaintiff and California Class members were led to believe that the consideration they

6  would receive in exchange for rendering services as a "volunteer" would have value

7  commensurate with the value of the services rendered to Defendants.   Defendants represented

8  that volunteers would receive time off during their shifts to enjoy the events at which they

9  worked, and that this in itself was compensation for their work.   In reality, Defendants provided

10  "volunteers" with very little time to enjoy the events, and instead maintained control over when

11  and if volunteers were given any leave of their volunteer duties.   Thus, the value of the

12  consideration provided to volunteers was systematically and uniformly overstated by

13  Defendants.

14      155.   Plaintiff, relying on Defendant's actions and conduct, forewent other opportunities

15  to enter the workforce and earn wages and/or purchase other forms of similar entertainment in

16  exchange for fair consideration, and was forced to incur a higher cost than anticipated in

17  exchange for consideration of a much lower value than advertised, suffering injury in fact and

18  losing money and/or property as a result of Defendants' actions.

19      156.   As a direct and proximate result of Defendants' willful and  intentional actions,

20  Plaintiff and members of the California Class have suffered damages in an amount to be

21  determined at trial and, unless Defendants are restrained, other consumers and prospective

22  employees will continue to suffer irreparable damage.

23      157.   As a proximate result of Defendants' actions, Plaintiff and members of the

24  California Class are entitled to restitution, disgorgement, statutory penalties, wages owed,

25  injunctive relief in the form of specific performance of the contracts, and an injunction ordering

26  Defendants to stop classifying members of their workforces as "volunteers."

27              **ATTORNEY'S FEES AND COSTS**

28      158.   Plaintiff is entitled to fees and costs, pursuant to California law, including,

without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the Volunteer Class, pray for judgment against defendants as follows:

1. For an order certifying the proposed class and subclass;

2. For a Declaration that Defendant has violated the FLSA;

3. For the attorneys appearing on the above caption to be named class counsel and for the named Plaintiff to be appointed class representatives;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. For payment of unpaid wages in accordance with California labor law;

7. For payment of unpaid wages in accordance with the FLSA;

8. For payment of penalties in accordance with California law;

9. For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.*;

10. For Defendants to be ordered and enjoined to make restitution to Plaintiff and the class and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

11. For Defendants to be found to have engaged in false advertising in violation of California *Business and Professions Code* §§ 17500, *et seq.*;

Exhibit C, Page 137

12.     For Defendants to be ordered to pay damages and penalties for their intentional violation of California *Business and Professions Code* §§ 17500, *et seq.*, pursuant to § 17500.3(c);

13.     For Defendants to be found to have engaged in common law fraud and deceit under California Law;

14.     For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and *Code of Civil Procedure* §1021.5; and,

15.     For an Order enjoining Defendant from any further violations of the FLSA;

16.     For punitive damages, pursuant to California Civil Code § 3294, for Defendants' intentional misrepresentations and conscious, willful disregard of Plaintiff and Class members' rights under the FLSA, California Labor Code and other applicable laws.

17.     For all such other and further relief that the court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and all other similarly situated, hereby demands a trial by jury on all applicable claims in this case.

Dated: March 7, 2014

Respectfully Submitted,
**MARLIN & SALTZMAN, LLP**

By: _____
Louis M. Marlin
Stephen P. O'Dell
Hanna B. Raanan
Attorneys for Plaintiff and the Proposed Class

34

**CLASS ACTION COMPLAINT**

## FLSA CONSENT FORM

### Consent to Sue Under the Fair Labor Standards Act (FLSA)

    I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuit against Insomniac, Inc. and LiveNation, and any other entities or individuals who may be liable for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., and any other applicable laws.

    I worked as a volunteer for Insomniac, Inc. in September 2013. I was not paid any wages during the time I worked for Insomniac, Inc. I should have been paid an hourly wage.

Elizabeth Valladares
**Print Name**

_Elizabeth Valladares_
**Signature**

2 - 28 - 14
**Date Signed**

# EXHIBIT D

First Legal Support (951) 6... 04/10/20...

1 | DAWN T. COLLINS, CA Bar No. 193447
dawn.collins@ogletreedeakins.com
2 | BETH A. GUNN, CA Bar No. 218889
beth.gunn@ogletreedeakins.com
3 | JENNIFER L. KATZ, CA Bar No. 258917
jennifer.katz@ogletreedeakins.com
4 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
5 | Los Angeles, CA 90071
Telephone: 213.239.9800
6 | Facsimile: 213.239.9045

7 | Attorneys for Defendants
INSOMNIAC, INC., a California corporation, INSOMNIAC
8 | ENTERTAINMENT, INC., a Delaware corporation, LIVE
NATION WORLDWIDE, INC., a Delaware corporation

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 1 0 2014

BY _____
NICOLE HYDUKOVICH, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ELIZABETH VALLADARES, individually and on behalf of all others similarly situated, | Case No. CIVDS1402710 |
| Plaintiffs, | **CLASS ACTION** |
| vs. | *[Assigned for all purposes to The Honorable John M. Pacheco, Dept. S34]* |
| INSOMNIAC, INC., a California corporation, INSOMNIAC ENTERTAINMENT, INC., a Delaware corporation, LIVE NATION WORLDWIDE, INC., a Delaware corporation, and DOES 1-100, inclusive, | **DEFENDANTS INSOMNIAC, INC.; INSOMNIAC ENTERTAINMENT, INC.; AND LIVE NATION WORLDWIDE, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| Defendants. | Action Filed: March 7, 2014<br>Trial Date: None Set |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**Exhibit D, Page 140**

1   Defendants Insomniac, Inc.; Insomniac Entertainment, Inc.; and Live Nation Worldwide,

2   Inc. (collectively, "Defendants"), hereby respond to the unverified Complaint (the "Complaint") of

3   plaintiff Elizabeth Valladares ("Plaintiff") as follows:

### GENERAL DENIAL

5   Pursuant to the provisions of *Code of Civil Procedure* section 431.30, subdivision (d),

6   Defendants deny, generally and specifically, each and every allegation of Plaintiff's unverified

7   Complaint and further deny, generally and specifically, that Plaintiff and the putative members of

8   the purported class and/or collective action have been injured in the amount and/or manner alleged,

9   or in any other manner whatsoever, and that Plaintiff and the putative members of the purported

10   class and/or collective action are entitled to damages or to any other relief whatsoever by reason of

11   the alleged acts and/or omissions of Defendants, or any of them, or by reason of the alleged acts

12   and/or omissions of any current or former agent or employee of Defendants, or any of them.

### AFFIRMATIVE DEFENSES

14   Without waiving the foregoing, Defendants assert the following separate and distinct

15   affirmative defenses to Plaintiff's Complaint, and to each purported cause of action therein, and

16   pray for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE

18   **(Statutes Of Limitations)**

19   1.   As a separate and affirmative defense to Plaintiff's Complaint and to each purported

20   cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

21   collective action, Defendants allege that the claims brought by Plaintiff and/or members of the

22   putative classes are barred, in whole or in part, by one or more of the applicable statutes of

23   limitations, including, but not limited to: 29 U.S.C. § 255, subdivision (a); California Labor Code

24   §§ 201, 202, 203,  226, 226.7, 510, 512, 1194, 1197; and 1198; California Business and

25   Professions Code § 17208; and California Code of Civil Procedure §§ 312; 337; 338, subdivision

26   (a); 339; 340, subdivision (a); and 343.

27   ///

28   ///

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Lack Of Employment Relationship)

3      2.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

4  cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

5  collective action, Defendants allege that they are not, and have never been, the employer(s) of

6  Plaintiff and/or one or more of the putative members of the purported class and/or collective action.

7

## THIRD AFFIRMATIVE DEFENSE

8

### (Lack Of Status As Employees)

9      3.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

10  cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

11  collective action, Defendants allege that Plaintiff and/or some or all of the putative members of the

12  purported class and/or collective action are not, and have never been, employees of Defendants, or

13  any of them.

14

## FOURTH AFFIRMATIVE DEFENSE

15

### (Lack Of Standing – Class And Collective Action)

16      4.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

17  cause of action alleged therein by Plaintiff on behalf of putative members of the purported class

18  and/or collective action, Defendants allege that Plaintiff lacks standing and cannot represent the

19  interests of the other alleged class and/or collective action members as to some or all of the

20  purported class and/or collective claims.

21

## FIFTH AFFIRMATIVE DEFENSE

22

### (Consent)

23      5.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

24  cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

25  collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of

26  the class and/or collective action are barred, in whole or in part, by the doctrine of consent.

27  ///

28  ///

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate Damages)

3    6.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported

4    cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

5    collective action, Defendants allege that Plaintiff and/or putative members of the class and/or

6    collective action are barred from recovery on their monetary claims, in whole or in part, by their

7    failure to exercise diligence to mitigate any damages allegedly incurred, if any.

8

## SEVENTH AFFIRMATIVE DEFENSE

9

### (Laches)

10    7.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported

11    cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

12    collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of

13    the class and/or collective action are barred, in whole or in part, by the doctrine of laches.

14

## EIGHTH AFFIRMATIVE DEFENSE

15

### (Waiver)

16    8.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported

17    cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

18    collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of

19    the class and/or collective action are barred, in whole or in part, because such claims have been

20    waived, discharged, and/or abandoned.

21

## NINTH AFFIRMATIVE DEFENSE

22

### (Estoppel)

23    9.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported

24    cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

25    collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of

26    the class and/or collective action are barred, in whole or in part, by the doctrine of estoppel.

27    ///

28    ///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT   **Exhibit D, Page 143**

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Unclean Hands)**

3        10.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

4   cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

5   collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of

6   the class and/or collective action are barred, in whole or in part, by their own unclean hands and/or

7   their inequitable or wrongful conduct.

8

**ELEVENTH AFFIRMATIVE DEFENSE**

9

**(Failure To Exhaust Internal And/Or Administrative Remedies)**

10        11.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

11   cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

12   collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of

13   the class and/or collective action are barred to the extent that they failed to timely and/or properly

14   exhaust their internal and/or administrative remedies.

15

**TWELFTH AFFIRMATIVE DEFENSE**

16

**(Due Process / Class Certification)**

17        12.      As a separate and affirmative defense to Plaintiff's Complaint and to each purported

18   cause of action alleged therein by Plaintiff and the putative members of the purported class action,

19   Defendants allege that certification of a class action would be an unconstitutional denial of

20   Defendants' rights to due process under the Fourteenth Amendment to the United States

21   Constitution and the California Constitution.

22

**THIRTEENTH AFFIRMATIVE DEFENSE**

23

**(Adequate Remedy At Law)**

24        13.      As a separate and affirmative defense to the claims of Plaintiff and putative

25   members of the purported class and/or collective action brought pursuant to California Business

26   and Professions Code § 17200, *et seq.*, and California Business and Professions Code § 17500, are

27   barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at

28   law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Doctrine Of Avoidable Consequences)

14.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class and/or collective action, Defendants allege that the claims brought by Plaintiff and/or putative members of the class and/or collective action are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendants' practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Setoff And Recoupment)

15.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class and/or collective action, Defendants allege that, if any damages have been sustained by Plaintiff and/or any alleged collective and/or class action member she purports to represent, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or alleged class and/or collective action members owed to Defendants, or any of them, against any judgment that may be entered against Defendants, or any of them.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exempt Status)

16.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class and/or collective action, Defendants allege that Plaintiff and the putative members of the purported class and/or collective action defined in the Complaint were exempt from coverage of the California and federal wage-and-hour laws alleged in the Complaint by virtue of one or more statutory exemptions – including, but not limited to, the "administrative" exemption, the "executive" exemption, the "professional" exemption, the "highly compensated employee" exemption, and/or the

Exhibit D, Page 145

"combination" exemption.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord And Satisfaction)

17.     As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege that the claims of Plaintiff and/or some of the putative members of the purported class and collective action defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Knowing, Intentional, And/Or Willful Conduct)

18.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class action, Defendants allege that Plaintiff and the putative members of the purported class action are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendants did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they did not violate those provisions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith / No Willful Violation Of The Fair Labor Standards Act)

19.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported collective action, Defendants allege that Plaintiff and the putative members of the purported collective action are not entitled to rely on a three-year statute of limitations or to recover any liquidated damages as prayed for in the Complaint under the Fair Labor Standards Act because Defendants acted in good faith and did not willfully fail to comply with the federal wage-and-hour laws alleged in the Complaint.  Moreover, Defendants had reasonable grounds for believing that their actions and/or omissions, if any, did not violate the provisions of the Fair Labor Standards Act.

///

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (De Minimis)

20.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class and/or collective action, Defendants allege that the claims for relief based upon Defendants' alleged failure to fully and/or adequately compensate Plaintiff and the putative members of the purported class and/or collective action for all time worked are barred, in whole or in part, because, to the extent Defendants did not provide the legally required overtime compensation, said violations were *de minimis*; and, ignoring *de minimis* violations, Defendants provided Plaintiff and the putative members of the purported class and/or collective action with the legally required overtime compensation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Third-Party Liability)

21.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class and/or collective action, Defendants allege that Plaintiff's Complaint is barred, in whole or in part, because any alleged injuries suffered by Plaintiff and the putative members of the purported class and/or collective action were proximately caused, in whole or in part, by the acts and/or omissions of persons and/or entities other than Defendants, including by the acts and/or omissions of Plaintiff and/or putative members of the purported class and/or collective action themselves.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith Dispute That Wages Are Due)

22.     As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the putative members of the purported class action pursuant to California Labor Code § 203, Defendants allege that Plaintiff and the putative members of the purported class action are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendants, or any of them.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exclusions, Exceptions, Credits, And/Or Offsets)

23.     As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege that Plaintiff's claims and the claims of the alleged collective action members are barred in whole or in part by exclusions, exceptions, credits, and/or offsets permissible under the Fair Labor Standards Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Other Opt-Ins)

24.     As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege that although Plaintiff is not similarly situated to other putative members of the purported collective action alleged in the Complaint, should other individuals opt into this case, Defendants, and each of them, assert the separate defenses set forth herein as to those persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Joinder Of Claims)

25.     As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege that Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

26.     As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege that an award of penalties against Defendants, or any of them, under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Releases)

27.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein by Plaintiff and the putative members of the purported class and/or collective action, Defendants allege that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class

Exhibit D, Page 148

1  and/or collective action members may have released some or all of the claims against Defendants,

2  or any of them, that are being asserted in Plaintiff's Complaint.

3  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

4  ### (Additional Affirmative Defenses)

5  28.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported

6  cause of action alleged therein by Plaintiff and the putative members of the purported class and/or

7  collective action, Defendants allege that they currently have insufficient information upon which to

8  form a belief as to whether they may have additional, as yet unstated, defenses.  Defendants reserve

9  the right to assert additional defenses in the event discovery indicates additional defenses are

10  appropriate.

11

12  **WHEREFORE**, Defendants pray for judgment as follows:

13  1.    That the Court deny any request(s) by Plaintiff and/or putative members of the

14       purported class and/or collective action to certify this action as a class and/or

15       collective action;

16  2.    That Plaintiff and members of the putative class and collective action take nothing

17       by the Complaint;

18  3.    That Plaintiff's Complaint herein be dismissed in its entirety, with prejudice;

19  4.    That judgment be entered against Plaintiff and in favor of Defendants on all causes

20       of action asserted in the Complaint;

21  5.    That Defendants be awarded their attorneys' fees incurred herein;

22  6.    That Defendants be awarded their costs of suit herein; and

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**Exhibit D, Page 149**

1    7.    For such other and further relief as the Court deems just and proper.

2

3    DATED:  April 9, 2014                    OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
4

5

6                                        By: _____
                                              Dawn T. Collins
7                                             Beth A. Gunn
                                              Jennifer L. Katz
8
                                              Attorneys for Defendants
9                                             INSOMNIAC, INC.; INSOMNIAC
                                              ENTERTAINMENT, INC.; and LIVE NATION
10                                            WORLDWIDE, INC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         10

**PROOF OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

On April 10, 2014, I served the following document(s) described as:

**DEFENDANTS INSOMNIAC, INC.; INSOMNIAC ENTERTAINMENT, INC.; AND LIVE NATION WORLDWIDE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the persons below as follows:

Louis M. Marlin, Esq.                          Attorneys for Plaintiff
Stephen P. O'Dell, Esq.                        Elizabeth Valladares
Hanna B. Raanan, Esq.
Adrian R. Bacon, Esq.
MARLIN & SALTZMAN, LLP
3200 El Camino Real, Suite 100
Irvine, California 92602
Telephone:     (714) 669-4900
Facsimile:     (714) 669-4750

Bassil A. Hamideh                              Attorneys for Plaintiff
THE HAMIDEH FIRM, PC                           Elizabeth Valladares
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:     (310) 556-9687
Facsimile:     (310) 733-5699

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐   deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒   placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒   (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1          Executed on April 10, 2014, at Los Angeles, California

2

3    Eileen Lewis
     _____
     Type or Print Name                          Signature

4

*    **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**

5

6                                                                    17583701.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit D, Page 152**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Virginia A. Phillips _____ and to
Magistrate Judge _____ David T. Bristow _____ .

The case number on all documents filed with the Court should read as follows:

### 5:14-cv-00706-VAP(DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the assigned Magistrate Judge has been designated to hear discovery-related
motions. All discovery-related motions should be noticed on the calendar of the Magistrate
Judge.

Clerk, U. S. District Court

_____ April 10, 2014 _____
Date

By  APEDRO _____
Deputy Clerk

## ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases
removed from state court, on all parties served with the Notice of Removal) by the party who filed the
Complaint (or Notice of Removal).*

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ELIZABETH VALLADARES

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

INSOMNIAC, INC., INSOMNIAC
ENTERTAINMENT, INC., LIVE NATION
WORLDWIDE, INC.

**(b)** County of Residence of First Listed Plaintiff LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Louis M. Marlin SBN 054053
MARLIN & SALTZMAN, LLP
3200 El Camino Real, Suite 100
Irvine, CA 92602
714.669.4900

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Dawn T. Collins SBN 1934447 / Beth A. Gunn SBN 21888
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
213.239.9800

**II. BASIS OF JURISDICTION** ( Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**- For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Failure to pay wages and keep records, in violation of 29 U.S.C. sections 201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: CV14-00706

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 1 of 3

CCD-CV71

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? [X] Yes [ ] No  If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [X] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes [ ] No  If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**C.1.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | EASTERN |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

IX(a).  **IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  [ X ]  NO      [   ]  YES

If yes, list case number(s): _____

IX(b).  **RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  [ X ]  NO      [   ]  YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    [   ]  A.  Arise from the same or closely related transactions, happenings, or events; or

[   ]  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[   ]  C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[   ]  D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  _Jennifer L. Katz_                    DATE:  April 10, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |